**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN, <br> Plaintiffs, <br> v. <br> CITY OF HIGHLAND PARK, ILLINOIS, <br> Defendant. | No. 1:22-cv-04774 <br><br> Honorable Harry D. Leinenweber <br><br> Honorable Jeffrey T. Gilbert |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1)**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD..............................................................................................................3

ARGUMENT ..........................................................................................................................4

    I.       NAGR Lacks Standing Because It Has Not Plausibly Alleged That Any Of Its Members Would Have Standing To Sue In Their Own Right........................5

    II.      NAGR Lacks Standing To Seek Monetary Relief For The Additional Reason That Monetary Relief Requires Participation Of Individual Members. ...................................................................................................................8

CONCLUSION.......................................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                          **Page(s)**

*Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*,
    833 F. App'x 235 (11th Cir. 2020) ...................................................................................7

*Bazile v. Fin. Sys. of Green Bay, Inc.*,
    983 F.3d 274 (7th Cir. 2020) ......................................................................................3, 4

*Bultasa Buddhist Temple of Chicago v. Nielsen*,
    878 F.3d 570 (7th Cir. 2017) ..........................................................................................3

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ......................................................................................................10

*Disability Rts. Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*,
    522 F.3d 796 (7th Cir. 2008) ....................................................................................6, 10

*Duncan Place Owners Ass'n v. Danze*,
    2015 WL 5445024 (N.D. Ill. Sept. 15, 2015) ...............................................................8, 9

*Duncan Place Owners Ass'n v. Danze, Inc.*,
    927 F.3d 970 (7th Cir. 2019) ..........................................................................................9

*Ezell v. City of Chicago*,
    651 F.3d 684 (7th Cir. 2011) ..........................................................................................4

*Faculty, v. N.Y. Univ.*,
    11 F.4th 68 (2d Cir. 2021) ..............................................................................................7

*Friedman v. City of Highland Park*,
    784 F.3d 406 (7th Cir. 2015) ..........................................................................................1

*LaBella Winnetka, Inc. v. Vill. of Winnetka*,
    628 F.3d 937 (7th Cir. 2010) ..........................................................................................2

*Luce v. Kelly*,
    2022 WL 204373 (N.D. Ill. Jan. 24, 2022) .....................................................................8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................4

*Marszalek v. Kelly*,
    2022 WL 225882 (N.D. Ill. Jan. 26, 2022) .....................................................................8

*Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*,
    708 F.3d 921 (7th Cir. 2013) ..........................................................................................5

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
    142 S. Ct. 2111 (2022) ........................................................................................... 1, 2

*Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp., Inc.*,
    2009 WL 2588902 (N.D. Ill. Aug. 20, 2009) ................................................................ 9

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
    2 F.4th 1002 (7th Cir. 2021) ................................................................................. passim

*Raines v. Byrd*,
    521 U.S. 811 (1997) ........................................................................................................ 9

*Sanner v. Bd. of Trade of City of Chicago*,
    62 F.3d 918 (7th Cir. 1995) .......................................................................................... 8

*Silha v. ACT, Inc.*,
    807 F.3d 169 (7th Cir. 2015) ........................................................................................ 4

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .................................................................................................. 4, 5

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ....................................................................................................... 7

*Swindol v. Aurora Flight Sci. Corp.*,
    805 F.3d 516 (5th Cir. 2015) ........................................................................................ 2

*United Food & Comm. Workers Union Local 751 v. Brown Grp., Inc.*,
    517 U.S. 544 (1996) .................................................................................................. 4, 6

*Warth v. Seldin*,
    422 U.S. 490 (1975) ....................................................................................................... 9

*White v. Illinois State Police*,
    15 F.4th 801 (7th Cir. 2021) ..................................................................................... 6, 7

**Other Authorities**

U.S. Const. art. III ................................................................................................................. 4

Fed. R. Evid. 201 .................................................................................................................. 2

**INTRODUCTION**

In 2013, the City of Highland Park, Illinois ("Highland Park" or "the City") enacted an ordinance to prohibit assault weapons and large-capacity magazines. Highland Park passed the ordinance because, in the wake of mass shootings in Aurora, Colorado, Newtown, Connecticut, and other small towns across the country, it determined that assault weapons "pose an undue threat to public safety to residents, property owners, and visitors." Ex. A, Highland Park Ord. No. 68-13. Soon after its enactment, the ordinance was challenged as unconstitutional under the Second Amendment. This Court and the Seventh Circuit rejected that challenge. *See Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015), *cert. denied*, 577 U.S. 1039 (2015).

In this suit, the National Association for Gun Rights ("NAGR") seeks to re-litigate the constitutionality of Highland Park's ordinance in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* concerned neither assault weapons nor large-capacity magazines. Yet, since *Bruen*, NAGR has pursued nine other cases across the country in a coordinated effort to challenge laws prohibiting assault weapons and large-capacity magazines.

Every plaintiff, including an association like NAGR, must have standing to sue under Article III. The associational standing requirements serve a core purpose of Article III's limits on federal courts' jurisdiction. In short, the case must have some tie to the association through an injury to at least one of its members. Otherwise, advocacy groups could roam about demanding court adjudication of their favored causes. That is precisely what NAGR has done here.

NAGR has not claimed that it personally has standing to bring any of these suits. Instead, in each suit, NAGR purports to sue "as a representative of its members," relying on vague, cookie-cutter allegations to invoke a theory of associational standing. Dkt. 1 ("Complaint" or

1

"Compl.") ¶ 1. Those conclusory allegations fail to establish associational standing. Under well-settled law, NAGR must show that it has at least one member with standing to sue in his or her own right, and that its requested relief does not require individual members to participate in this suit. NAGR has failed to show either. The Court should thus dismiss NAGR from this suit.

## BACKGROUND

NAGR describes itself as a non-profit organization that seeks to "defend the right of all law-abiding individuals to keep and bear arms." Compl. ¶ 1. It is incorporated in Virginia, and its principals are located in Virginia, Colorado, and South Carolina. *See* Ex. B, Virginia State Corporation Commission Report.[1] NAGR claims that it has "members who reside in the City," and that it "represents the interests of those who are affected by the City's prohibition" of assault weapons and large-capacity magazines. Compl. ¶ 1. But NAGR identifies no such member, nor does it allege that it has any activities or presence in Highland Park. *Id.* In the weeks and months since *Bruen*, NAGR has filed ten copycat cases challenging laws prohibiting assault weapons and large-capacity magazines, including this one, with virtually identical allegations.[2]

---

[1] The Court may take judicial notice of this document because it is a publicly available government record not subject to reasonable dispute. *See, e.g.*, *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 n.3 (7th Cir. 2010) (taking judicial notice of government website); *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of records from the Virginia State Corporation Commission); *see also* Fed. R. Evid. 201.

[2] One suit challenges an ordinance in Naperville, Illinois. *Bevis v. City of Naperville*, No. 22-cv-4775 (N.D. Ill.). Three challenge state laws in Connecticut, Hawaii, and Massachusetts. *NAGR v. Lamont*, No. 22-cv-1118 (D. Conn.); *NAGR v. Shikada*, No. 22-cv-404 (D. Haw.); *Capen v. Healey*, No. 22-cv-11431 (D. Mass.). The remaining five have challenged laws in various municipalities in Colorado. *Rocky Mountain Gun Owners ("RMGO") v. Town of Superior*, No. 22-cv-1685 (D. Colo.); *NAGR v. City of Louisville*, No. 22-cv-2111 (D. Colo.); *RMGO v. City of Boulder*, No. 22-cv-2112 (D. Colo.); *RMGO v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 22-cv-2113 (D. Colo.); *RMGO v. Town of Superior et al.*, No. 22-cv-2680 (D. Colo.).

Susan Goldman is the other plaintiff in this case. She alleges that she is a Highland Park resident who owns certain semi-automatic firearms and magazines, and that she stores these items outside city limits due to the ordinance. *Id.* ¶ 2. She further alleges that she has possessed these items for years, wants to possess and transfer them within Highland Park, and wants to acquire additional arms. *Id.* According to Goldman, she is particularly "aggrieved" that she must store her assault weapons and large-capacity magazines outside city limits, because she wants to keep them at home for self-defense. *Id.* However, Goldman does not allege that she is a member of NAGR. *Id.*

NAGR and Goldman filed this suit on September 7, 2022. They seek declaratory and injunctive relief and monetary damages under 42 U.S.C. § 1983. *Id.* ¶¶ 36–39. Specifically, Plaintiffs ask the Court to enter declaratory judgment that Highland Park's ordinance is unconstitutional, enter a permanent injunction to prevent the ordinance from being enforced, and award compensatory and other monetary relief. *Id.*

On October 7, 2022, Plaintiffs filed a motion for a preliminary injunction to enjoin enforcement of the ordinance. *See* Dkt. 7. The Court has entered a briefing schedule on Plaintiffs' motion. *See* Dkt. 22. In the meantime, the present motion focuses solely on a threshold issue: NAGR's lack of standing to bring this action.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "tests the jurisdictional sufficiency of the complaint." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). A challenge to standing under Rule 12(b)(1) "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When defendants raise a facial challenge to standing, as here,

3

courts take the allegations in the complaint as true and assess whether they plausibly show that the plaintiff meets each requirement for standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1008 (7th Cir. 2021) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015)). Ultimately, "[e]stablishing standing is the plaintiff's burden and 'must be secured at each stage of the litigation.'" *Id.* at 1007 (quoting *Bazile*, 983 F.3d at 278).

## ARGUMENT

The Constitution allows federal courts to decide only "Cases" and "Controversies." U.S. Const. art. III. This limitation "confine[s] the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of the law." *Ezell v. City of Chicago*, 651 F.3d 684, 694–95 (7th Cir. 2011) (quotation marks omitted). "When a plaintiff lacks standing, a federal court lacks jurisdiction." *Prairie Rivers*, 2 F.4th at 1007. To establish the "irreducible constitutional minimum" of standing, a plaintiff must have (1) suffered a concrete injury, (2) that is fairly traceable to the challenged conduct, and (3) can be redressed by the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The doctrine of associational standing is a narrow exception to these requirements. It "allows an organization to sue on behalf of its members 'even without a showing of injury to the association itself.'" *Prairie Rivers*, 2 F.4th at 1008 (quoting *United Food & Comm. Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996)). To establish associational standing, an organization must show that "(1) at least one of its members would have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members." *Id.* (quotation marks omitted).

4

At the pleading stage, it is not enough for a plaintiff, including an association, to generally allege that it can meet the standing requirements. Instead, a plaintiff must allege facts specific enough to "demonstrat[e] each element." *Spokeo*, 578 U.S. at 338 (quotation marks omitted). This requirement ensures that the Court has constitutional authority to adjudicate the association's claims. *Id.*; *Prairie Rivers*, 2 F.4th at 1007. In addition, it prevents associations that lack standing from proceeding past the pleading stage and imposing improper discovery costs on defendants. *See Prairie Rivers*, 2 F.4th at 1010.

NAGR does not claim that it has standing to bring this suit in its own right; it does not allege any injury to itself as an entity.[3] *See* Compl. ¶ 1. Instead, it claims only that it has associational standing to sue "in its capacity as a representative of its members." *Id.* But NAGR's allegations do not show that it meets the requirements for associational standing. Specifically, NAGR has failed to allege facts sufficient to identify at least one member with standing to bring the claims it has asserted. In addition, as explained below, it lacks standing to seek monetary relief for the additional reason that such relief would require the participation of its individual members. For these reasons, NAGR lacks standing to bring the claims it has asserted in this case, and the Court should dismiss them for lack of subject-matter jurisdiction.

I. **NAGR Lacks Standing Because It Has Not Plausibly Alleged That Any Of Its Members Would Have Standing To Sue In Their Own Right.**

NAGR has not identified any member with standing to sue. Instead, NAGR provides only conclusory allegations that it "has members who reside within the City" who purportedly wish to

---

[3] NAGR "only alleges injuries to its members, and such injuries are insufficient to establish standing on an organization's own behalf." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 927 (7th Cir. 2013).

5

"acquire, keep, possess, and/or transfer" assault weapons and large-capacity magazines. Compl. ¶ 1. These allegations are insufficient.

The Seventh Circuit addressed this exact issue in *White v. Illinois State Police*, 15 F.4th 801 (7th Cir. 2021), which held that a firearms association lacked standing to sue on behalf of its members. *Id.* at 807. There, the Illinois State Rifle Association and an individual plaintiff brought a declaratory judgment action against the Illinois State Police to challenge the constitutionality of Illinois's Firearm Concealed Carry Act. *Id.* at 804. The organization alleged that it had "over 17,000 members and supporters in Illinois, and many members outside the State of Illinois." Ex. C, *White* Compl. ¶ 12. The Seventh Circuit found these allegations too generalized to be sufficient, remarking that the association did "not identify any members, much less explain how those members would have standing to sue in their own right." *White*, 15 F.4th at 807 (citing *United Food*, 517 U.S. at 555, and *Disability Rts. Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008)).

NAGR's allegations in this case are even more conclusory and doubtful than those in *White*. Not only did NAGR not name any Highland Park members, it did not even specify *how many* Highland Park members it has, much less "explain how those members would have standing to sue." *Id.* Instead, NAGR only alleged vaguely that it has "members who reside in the City" without providing any other information. Compl. ¶ 1. Furthermore, unlike the plaintiff in *White*—an Illinois organization challenging an Illinois statute—NAGR has no presence in Highland Park. Notably, the sole individual plaintiff who brought this suit with NAGR did not allege that she is a NAGR member. *See id.* ¶ 2. And remarkably, the vague, conclusory language NAGR uses in paragraph 1 of the Complaint to claim that it has members in Highland Park is

6

virtually *identical* to the language it used in its many copycat complaints brought in jurisdictions far removed from Highland Park. *See supra*, note 2 (citing NAGR's other suits).

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002 (7th Cir. 2021), shows that even allegations that are more specific than those in *White* can still be insufficient to establish associational standing. There, the Seventh Circuit held that an environmental group lacked standing because the complaint failed to specify who the organization's members were. *Id.* at 1009. The organization alleged that it had more than 1,000 members who lived, studied, worked, and recreated near a polluting power station. *Id.* These allegations were not enough to plausibly show associational standing, because they invited the court to impermissibly speculate by accepting a theory of statistical probability that the organization had a member with standing. *Id.* at 1009–10. Here, NAGR's conclusory allegations are far weaker—they provide no information about how many Highland Park members NAGR supposedly has, and they do not allege that the one individual who joined the lawsuit is a NAGR member.

If NAGR has members in Highland Park with standing to sue, identifying them poses no burden. For example, NAGR could have named some of those members in the complaint. *Cf. Prairie Rivers*, 2 F.4th at 1011 ("[O]ther courts have … expressly require[d] names for associational standing on the pleadings.").[4] Alternatively, NAGR could have provided other

---

[4] Some courts have read *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), to require associational plaintiffs to provide their members' names to show associational standing. *Prairie Rivers*, 2 F.4th at 1011 (collecting cases). Other courts have disagreed. *See, e.g.*, *Faculty, v. N.Y. Univ.*, 11 F.4th 68, 75 n.32 (2d Cir. 2021); *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020). The Seventh Circuit left this issue undecided in *Prairie Rivers*. If the Court were to reach it here, it should hold that associations must identify the names of members with standing, to ensure that associations are held to the same standing requirements as the individuals from whom their standing derives. *See Prairie Rivers*, 2 F.4th at 1008 ("Associational standing, then, is derivative of—and not independent from—individual standing."). Ultimately, however, the Court need not reach this issue because NAGR has failed to offer *any* type of information, names or otherwise, to identify its members.

7

identifying information, such as members' initials, ages, years of residence in Highland Park, or other details, as other plaintiffs have done. *See, e.g.*, *Luce v. Kelly*, 2022 WL 204373, at *4 (N.D. Ill. Jan. 24, 2022) (finding that a declaration describing members by age and county of residence was sufficient to establish associational standing); *Marszalek v. Kelly*, 2022 WL 225882, at *4 (N.D. Ill. Jan. 26, 2022) (finding that a declaration listing members by initials and the dates they submitted their FOID applications was sufficient). NAGR has provided no such allegations about any members in Highland Park, much less a plausible basis to believe that any such members have suffered a concrete injury-in-fact. Its generic, conclusory allegation that "it has members who reside in the City" (Compl. ¶ 1) does not come close to meeting the requirement that NAGR have an individual member who has suffered a cognizable injury.

The presence of Susan Goldman in the suit likewise does not create standing for NAGR. Though she is a named plaintiff, neither the Complaint nor her declaration (attached to Plaintiffs' preliminary injunction motion) even suggests that she is a member of NAGR. *See* Dkt. 7-1, Goldman Decl.

**II.     NAGR Lacks Standing To Seek Monetary Relief For The Additional Reason That Monetary Relief Requires Participation Of Individual Members.**

As to its claim for monetary relief, NAGR lacks standing for a second, independent reason: the claim "requires the participation of individual members." *Prairie Rivers*, 2 F.4th at 1008.

The law is clear: "associations ***may not proceed*** on behalf of their members when claims for monetary, as opposed to prospective, relief are involved." *Duncan Place Owners Ass'n v. Danze*, 2015 WL 5445024, at *3 (N.D. Ill. Sept. 15, 2015) (emphasis added and quotation marks omitted), *aff'd*, 927 F.3d 970 (7th Cir. 2019); *see also Sanner v. Bd. of Trade of City of Chicago*, 62 F.3d 918, 923 (7th Cir. 1995) ("We are not aware of any cases allowing associations to proceed on behalf of their members when claims for monetary, as opposed to prospective, relief

8

are involved."). That is because requests for monetary relief require individualized, member-specific inquiries into whether, which, and to what extent members have been harmed. In other words, "the case-specific nature of proving up money damages necessarily means that individual members must become involved." *Duncan*, 2015 WL 5445024, at *3; *see also Warth v. Seldin*, 422 U.S. 490, 515–16 (1975) (noting that often claims for damages are "not common to the entire membership, nor shared by all in equal degree" and thus require individualized participation). As a result, associational standing typically extends to organizations only to the extent they seek prospective relief, such as injunctive or declaratory remedies. *See, e.g.*, *Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 978 (7th Cir. 2019) ("[A]ssociational standing cannot support a damages claim."); *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp., Inc.*, 2009 WL 2588902, at *7 (N.D. Ill. Aug. 20, 2009) ("In the usual course, associational standing is extended to an organization seeking declaratory, injunctive, or some other form of prospective relief on behalf of its membership.").

      To be clear, all of NAGR's claims for relief—declaratory, injunctive, and monetary—should be dismissed for lack of standing, given NAGR's failure to sufficiently allege that it has members with standing to sue. But even if NAGR could identify such members, the need to have individual members participate in litigation of its requested monetary relief is an additional reason why NAGR would still lack standing to seek that relief in particular. *See, e.g.*, *Duncan*, 927 F.3d at 978 (affirming dismissal of claims for monetary relief on this basis); *Nat'l Council on Comp. Ins.*, 2009 WL 2588902, at *7 (similar).

*  *  *

      Our judicial system requires "strict compliance" with the standing requirements, and associational standing is no exception. *Prairie Rivers*, 2 F.4th at 1010 (quoting *Raines v. Byrd*,

9

521 U.S. 811, 819 (1997)). Advocacy in the federal courts "is only appropriately—and constitutionally—undertaken on behalf of another when that other has suffered injury," *Disability Rts. Wis.*, 552 F.3d at 804, and NAGR has failed to show that it can constitutionally advocate here. Adherence to Article III and the underlying principles that keep the judicial branch from exceeding its constitutionally granted power thus require that NAGR be dismissed as a plaintiff from this suit. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.").

## CONCLUSION

For the reasons stated above, Defendant City of Highland Park, Illinois respectfully requests that this Court dismiss the claims asserted by Plaintiff National Association for Gun Rights for lack of subject-matter jurisdiction under Rule 12(b)(1).

Dated: November 17, 2022

Respectfully submitted,

*/s/ David H. Hoffman*
David H. Hoffman (No. 6229441)
Robert N. Hochman (No. 6244222)
Neil H. Conrad (No. 6321947)
Caroline A. Wong (No. 6324863)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
david.hoffman@sidley.com
rhochman@sidley.com
nconrad@sidley.com
caroline.wong@sidley.com

Steven M. Elrod (No. 6183239)
Hart M. Passman (No. 6287062)
ELROD FRIEDMAN LLP

325 N. LaSalle St.
Suite 450
Chicago, IL 60654
Telephone: (312) 528-5200
steven.elrod@elrodfriedman.com
hart.passman@elrodfriedman.com

Erin Davis (*pro hac vice* application forthcoming)
Philip Bangle (*pro hac vice* application forthcoming)
Shira Lauren Feldman (*pro hac vice* application pending)
BRADY
840 First Street NE
Washington, DC 20002
Telephone: (202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org
sfeldman@bradyunited.org

*Attorneys for Defendant City of Highland Park, Illinois*