UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HIGHLAND PARK, ILLINOIS,<br><br>Defendant. | No. 1:22-cv-04774<br><br>Honorable Harry D. Leinenweber<br><br>Honorable Jeffrey T. Gilbert |

## DEFENDANT'S PARTIAL ANSWER TO THE COMPLAINT

Defendant City of Highland Park, Illinois ("Highland Park") submits the following Partial Answer to the Complaint ("Partial Answer") in the above-captioned matter.

This Partial Answer responds to the Complaint's allegations only to the extent they are brought by and relevant to Plaintiff Susan Karen Goldman ("Goldman"). It need not respond to allegations to the extent they are brought by or relevant only to Plaintiff National Association for Gun Rights ("NAGR"), because Highland Park has moved to dismiss NAGR's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of standing (*see* Dkt. 26), and its deadline to answer NAGR's allegations is thus tolled under Rule 12(a)(4). Accordingly, Highland Park states as follows for its Partial Answer:

### I. PARTIES

1. Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside within the City. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of those who are affected by the City's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully possess and/or transfer property that they lawfully obtained. But for the City's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, NAGR members would seek to acquire,

keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 1 is neither appropriate nor required at this time.

2. Plaintiff Susan Goldman is a resident of the City and a law-abiding citizen of the United States. She currently owns certain semi-automatic firearms that are putatively made illegal by the Code (defined below), and magazines capable of holding more than 10 rounds of ammunition. She has possessed this property lawfully for years but stores it outside of the city limits. She seeks to continue possessing her lawfully owned property, acquire additional arms putatively made illegal by the Code, and lawfully transfer property to others within the city limits. But for the City's restrictions on commonly used arms, and her reasonable fear of criminal prosecution for violating these restrictions, she would continue to possess her lawfully owned arms, acquire additional arms, and/or transfer them to others. She is especially aggrieved by the fact that the City's prohibitions require her to store her arms outside the city limits, which requirement renders the arms useless for the defense of her home.

**ANSWER**: The allegations in paragraph 2 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent an answer is required, Highland Park denies that Goldman is aggrieved by the City's prohibitions. Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 2, and therefore denies them.

3. Defendant City of Highland Park, Illinois is a city with an address of 1707 St. Johns Avenue, Highland Park, Illinois 60035.

**ANSWER**: Highland Park admits that the City of Highland Park, Illinois is an Illinois home rule municipal corporation with its main offices located at 1707 St. Johns Avenue, Highland Park, Illinois 60035.

4. Defendant is or will enforce the unconstitutional provisions of the Code against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 4 is neither appropriate nor required at this

time to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park admits only that it is enforcing or will enforce the Highland Park Code of 1968, as amended (hereinafter, "the Code"), as applicable. Highland Park denies that the Code is unconstitutional. The remaining allegations in paragraph 4 set forth legal conclusions, and thus an answer is neither appropriate nor required.

### III. JURISDICTION AND VENUE

5. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

**ANSWER**: The allegations in paragraph 5 set forth legal conclusions, and thus an answer is neither appropriate nor required.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

**ANSWER**: The allegations in paragraph 6 set forth legal conclusions, and thus an answer is neither appropriate nor required.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**ANSWER**: The allegations in paragraph 7 set forth legal conclusions, and thus an answer is neither appropriate nor required.

### IV. GENERAL ALLEGATIONS

8. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms[,] shall not be infringed." U.S. CONST. Amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008) ("*Heller*"); *McDonald v. City of Chicago*, 561 U.S. 742 (2010) ("*McDonald*"); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 2022 WL 2251305 (U.S. June 23, 2022) ("*Bruen*").

**ANSWER**: Highland Park admits that a portion of the Second Amendment of the U.S. Constitution is repeated verbatim in paragraph 8, but refers to the Second Amendment for its full text, meaning, and effect. The remaining allegations in paragraph 8 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required.

9. The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra*.

**ANSWER**: The allegations in paragraph 9 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required.

10. This action challenges the constitutionality of certain provisions of the Highland Park City Code of 1968 (the "Code"). A copy of the relevant portion of the Code is attached hereto as Exhibit A.

**ANSWER**: The allegations in paragraph 10 set forth legal conclusions and characterizations of the Complaint, and thus an answer is neither appropriate nor required.

11. Section 136.001 of the Code defines the term "assault weapon." Section 136.005 of the Code states in relevant part:

> No person shall manufacture, sell, offer, or display for sale, give, lend, transfer ownership of, acquire or possess any Assault Weapon or Large Capacity Magazine . . .

**ANSWER**: Highland Park admits that Section 136.001 of the Code defines the term "Assault Weapon." Highland Park further admits that a portion of Section 136.005 of the Code is repeated verbatim in paragraph 11, but refers to the Code for its full text, meaning, and effect.

12. The term "assault weapon" as used in the Code is not a technical term used in the firearms industry or community for firearms commonly available to civilians. Instead, the term is a rhetorically charged political term meant to stir the emotions of the public against those persons who choose to exercise their constitutional right to possess certain semi-automatic firearms that are commonly owned by millions of law-abiding American citizens for lawful purposes. Plaintiffs refuse to adopt the City's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Firearm" shall have the same meaning as the term "assault weapon" in Section 136.001 of the Code.

4

**ANSWER**: Highland Park denies the allegations in the first and second sentences of paragraph 12. The remaining allegations in paragraph 12 purport to define a term used in and characterize the Complaint, and thus an answer to those allegations is neither appropriate nor required. To the extent any of those remaining allegations are construed to require an answer, Highland Park denies those allegations.

13. Plaintiffs and/or their members currently own and possess Banned Firearms. Plaintiffs and/or their members desire to continue to possess the Banned Firearms within the city limits of the City, and they wish to acquire more Banned Firearms, transfer their currently owned Banned Firearms to other persons in the City and bequeath their Banned Firearms to their devisees. All of these constitutionally protected activities are made illegal by the Code.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 13 is neither appropriate nor required at this time to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first and second sentences in paragraph 13, and therefore denies them. The remaining allegations in paragraph 13 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent an answer is required to the remaining allegations in paragraph 13, Highland Park denies that the Code prohibits any constitutionally protected activity.

14. The Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes. *Heller*, *supra*, at 627.

**ANSWER**: The allegations in paragraph 14 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required.

15. There is a venerable tradition in this country of lawful private ownership of semiautomatic rifles such as those banned by the Code. The Supreme Court has held as much. In *Staples v. United States*, 511 U.S. 600 (1994), the Court noted that semiautomatics, unlike machine guns, "traditionally have been widely accepted as lawful possessions." *Id*., 511 U.S. 611-12 (identifying the AR-15 – the archetypal "assault weapon" – as a traditionally lawful

firearm). The vast majority of States do not ban they [sic] type of semiautomatic rifles deemed "assault weapons" in the Code.

**ANSWER**: Highland Park denies the allegations in the first sentence of paragraph 15. The allegations in the second and third sentences of paragraph 15 contain legal conclusions and legal argument and purport to quote and characterize a judicial opinion, and thus an answer is neither appropriate nor required. Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 15, and therefore denies them.

16. Millions of law-abiding citizens choose to possess firearms such as the Banned Firearms. *Duncan v. Becerra ("Duncan IV)"*, 970 F.3d 1133, 1147 (9th Cir. 2020)[1] ("Commonality is determined largely by statistics."); *Ass'n of N.J Rifle & Pistol Clubs, Inc. v. Atty. Gen. N.J.*, 910 F.3d 106, 116 (3d Cir. 2018) (finding an "arm" is commonly owned because "[t]he record shows that millions . . . are owned"); *New York State Rifle & Pistol Ass 'n, Inc. v. Cuomo*, 804 F.3d 242, 255 (2d Cir. 2015) ("Even accepting the most conservative estimates cited by the parties and by amici, the assault weapons . . . at issue are 'in common use' as that term was used in *Heller*."); *Heller v. D.C. ("Heller II")*, 670 F.3d 1244, 1261 (D.C. Cir. 2011) ("We think it clear enough in the record that semi-automatic rifles . . . are indeed in 'common use.' "). This is demonstrated by the AR-15 and other modem [sic] semiautomatic rifles, which epitomize the firearms that the City bans.

**ANSWER**: The allegations in paragraph 16 set forth legal conclusions and legal argument and purport to quote and characterize judicial opinions, and thus an answer is neither appropriate nor required. To the extent paragraph 16 is construed to contain allegations requiring an answer, Highland Park lacks sufficient knowledge or information to form a belief as to the specific number of law-abiding citizens who choose to possess firearms of the type prohibited by the Code, and therefore denies the allegations.

17. The AR-15, as just one example among many of a Banned Firearm, is America's "most popular semi-automatic rifle," *Heller II*, 670 F.3d at 1287 (Kavanaugh, J., dissenting), and in recent years it has been "the best-selling rifle type in the United States," Nicholas J. Johnson, *Supply Restrictions at the Margins of Heller and the Abortion Analogue*, 60 HASTINGS L.J. 1285, 1296 (2009). Already in early 2013, sources estimated that there were five million AR-15s in

---

[1] , *reh'g en banc granted, opinion vacated*, 988 F.3d 1209 (9th Cir. 2021), and *on reh'g en banc sub nom. Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022)

private hands. Dan Haar, *America's Rifle: Rise of the AR-15*, HARTFORD COURANT (Mar. 9, 2013), https://bit.ly/3whtDTj (last visited August 25, 2022); *see also Duncan v. Becerra ("Duncan III")*, 366 F. Supp. 3d 1131, 1145 (S.D. Cal. 2019).[2]

**ANSWER**: The allegations in paragraph 17 set forth legal conclusions and legal argument and purport to quote and characterize articles and judicial opinions, and thus an answer is neither appropriate nor required. To the extent paragraph 17 is construed to contain allegations requiring an answer, Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

18. Millions of law-abiding citizens own and use for lawful purposes semi-automatic firearms such as the Banned Firearms currently possessed by Plaintiffs. The Code's prohibition on the possession, sale, or other transfer of the Banned Firearms possessed by Plaintiffs and/or their members violates the Second Amendment.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 18 is neither appropriate nor required at this time to the extent they are brought by or relate to NAGR. In addition, the allegations in paragraph 18 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 18 is construed to contain allegations requiring an answer, Highland Park lacks sufficient knowledge or information to form a belief as to the specific number of law-abiding citizens who own and use for lawful purposes firearms of the type prohibited by the Code, and therefore denies the allegations. Highland Park denies that the Code violates the Second Amendment.

19. Section 136.001 of the Code defines the term "large-capacity magazine" to mean any firearm magazine capable of holding more than ten rounds of ammunition.

---

[2] *aff'd*, 970 F.3d 1133 (9th Cir. 2020), *reh'g en banc granted, opinion vacated*, 988 F.3d 1209 (9th Cir. 2021), and on *reh'g en banc sub nom. Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022), and *rev'd and remanded sub nom. Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), and *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022)

**ANSWER**: Highland Park admits that Section 136.001 of the Code defines the term "Large Capacity Magazine," and refers to the Code for the definition's full text, meaning, and effect.

20. The Code again uses politically charged rhetoric to describe the arms it bans. The Code's characterization of these magazines as "large capacity" is a misnomer. Magazines capable of holding more than 10 rounds are standard capacity magazines. Plaintiffs refuse to adopt the City's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as the term "large-capacity magazine" in section Section [sic] 136.001 of the Code.

**ANSWER**: Highland Park denies the allegations in the first, second, and third sentences of paragraph 20. The remaining allegations in paragraph 20 purport to define a term used in and characterize the Complaint, and thus an answer is neither appropriate nor required. To the extent any of those remaining allegations are construed to require an answer, Highland Park denies those allegations.

21. Section 136.005 of the Code states in relevant part:

> No person shall manufacture, sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess any Assault Weapon or Large Capacity Magazine . . .

**ANSWER**: Highland Park admits that a portion of Section 136.005 of the Code is repeated verbatim in paragraph 21, but refers to the Code for its full text, meaning, and effect.

22. Magazines are indisputably "arms" protected by the Second Amendment, as the right to keep and bear arms necessarily includes the right to keep and bear components such as ammunition and magazines that are necessary for the firearm to operate. *See United States v. Miller*, 307 U.S. 174, 180 (1939) (citing seventeenth century commentary recognizing that "[t]he possession of arms also implied the possession of ammunition"); *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014) ("[W]ithout bullets, the right to bear arms would be meaningless").

**ANSWER**: The allegations in paragraph 22 set forth legal conclusions and legal argument and purport to quote and characterize judicial opinions, and thus an answer is neither

8

appropriate nor required. To the extent an answer is required to the allegations in paragraph 22, Highland Park denies them.

23. The magazines the City has banned unquestionably satisfy the "common use" test. *Duncan III*, 366 F. Supp. 3d at 1143-45; *Duncan IV*, 970 F.3d at 1146-47.

**ANSWER**: The allegations in paragraph 23 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent an answer is required to the allegations in paragraph 23, Highland Park denies them.

24. In *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), *abrogated by Bruen*, *supra*, Judge Traxler (whose dissenting opinion almost certainly accurately states the law post *Bruen*) stated:

> The record also shows unequivocally that magazines with a capacity of greater than 10 rounds are commonly kept by American citizens, as there are more than 75 million such magazines owned by them in the United States. These magazines are so common that they are standard on many firearms: On a nationwide basis most pistols are manufactured with magazines holding ten to 17 rounds. Even more than 20 years ago, fully 18 percent of all firearms owned by civilians were equipped with magazines holding more than ten rounds."

*Id.*, 849 F.3d at 154, Traxler, J. dissenting (internal citations and quotation marks omitted).

**ANSWER**: The allegations in paragraph 24 set forth legal conclusions and legal argument and purport to quote and characterize a judicial opinion, and thus an answer is neither appropriate nor required. To the extent an answer is required to the allegations in paragraph 24, Highland Park denies them.

25. Magazines capable of holding more than 10 rounds of ammunition are commonly owned by millions and millions of Americans for all manner of lawful purposes, including self-defense, sporting, and hunting. They come standard with many of the most popular handguns and long guns on the market, and Americans own roughly 115 million of them, *Duncan IV*, 970 F.3d at 1142, accounting for "approximately half of all privately owned magazines in the United States," *Duncan v. Bonta*, 19 F.4th 1087, 1097 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022). Indeed, the most popular handgun in America, the Glock 17 pistol, comes standard with a 17-round magazine. *See Duncan III*, 366 F.Supp.3d at 1145.

**ANSWER**: The allegations in paragraph 25 set forth legal conclusions and legal argument and purport to quote and characterize judicial opinions, and thus an answer is neither

appropriate nor required. To the extent paragraph 25 is construed to contain allegations requiring an answer, Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies them.

26. There can be no serious dispute that magazines capable of holding more than 10 rounds are bearable arms that satisfy the common use test and thus are presumptively protected by the Second Amendment. Law-abiding citizens own over 100 million magazines such as the Banned Magazines. The Code's prohibition on the possession, sale, or other transfer of the Banned Magazines owned by Plaintiffs and/or their members violates the Second Amendment.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 26 is neither appropriate nor required at this time to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 26, and therefore denies them. The remaining allegations in paragraph 26 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent any of those remaining allegations are construed to require an answer, Highland Park denies those allegations. Highland Park denies that the Code violates the Second Amendment.

27. The Second Amendment's plain text covers the Banned Firearms and the Banned Magazines. It therefore falls to the Defendant to justify its regulation as consistent with historical tradition rooted in the Founding. This it cannot possibly do so, because *Bruen* has already established that there is no tradition of banning commonly possessed arms, such as the Banned Firearms and the Banned Magazines.

**ANSWER**: The allegations in paragraph 27 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent an answer is required to the allegations in paragraph 27, Highland Park denies them.

28. In the post-*Bruen* decision of *Rocky Mountain Gun Owners v. The Town of Superior*, Case No. 22-cv-1685 (July 22, 2022), the court entered an order in which it restrained enforcement of certain provisions of a Town of Superior, Colorado ordinance that banned semiautomatic weapons and magazine with a capacity greater than ten rounds. The court held there was a strong likelihood that the plaintiffs in that case would prevail on the merits of their

constitutional challenge to the ordinance provisions. The restrained ordinance is substantially identical to the ordinance provisions challenged in this action.

**ANSWER**: The allegations in paragraph 28 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required, particularly given that the allegations purport to characterize proceedings in *Rocky Mountain Gun Owners v. Town of Superior*, No. 22-cv-1685 (D. Colo.), a case that was voluntarily dismissed and in which the temporary restraining order was dissolved.

29. There is an actual and present controversy between the parties. The Code infringes on Plaintiffs' right to keep and bear arms under the Second Amendment by generally prohibiting the possession of arms that are commonly possessed by millions of Americans for lawful purposes. Defendant denies these contentions. Plaintiffs desire a judicial declaration that the Code sections identified above, facially and/or as applied to them, violate their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. This is true even if certain provisions of the Code provide affirmative defenses to criminal prosecution. The risk of criminal prosecution on account of exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 29 is neither appropriate nor required at this time to the extent they are brought by or relate to NAGR. As to Goldman, the allegations in paragraph 29 set forth legal conclusions and legal argument and purport to characterize Goldman's request for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 29 is construed to contain allegations requiring an answer, Highland Park denies them and, in particular, denies that the Code violates the Second Amendment.

30. Plaintiffs are or will be injured by Defendant's enforcement of the Code sections identified above insofar as those provisions violate Plaintiffs' rights under the Second Amendment by precluding the acquisition, possession, transfer and use of arms that are "typically possessed by law-abiding citizens for lawful purposes" nationwide. If not enjoined by this Court, Defendant will enforce the Code in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendant's present or contemplated enforcement of these provisions.

**ANSWER**: Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer to the allegations in paragraph 30 is neither appropriate nor required at this time to the extent they are brought by or relate to NAGR. As to Goldman, the allegations in paragraph 30 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 30 is construed to contain allegations requiring an answer, Highland Park denies them and, in particular, denies that the Code violates the Second Amendment, denies that Goldman is or will be injured by the Code or by Highland Park's enforcement of the Code, and denies that Goldman is entitled to any remedy.

## V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

31.     Paragraphs 1-30 are realleged and incorporated by reference.

**ANSWER**: Highland Park realleges and incorporates by reference its responses to paragraphs 1–30 above.

32.     The Code bans firearms and firearm magazines that are "typically possessed by law-abiding citizens for lawful purposes" nationwide. The Code, therefore, generally prohibits residents of the City including Plaintiffs, from acquiring, keeping, possessing, and/or transferring arms protected by the Second Amendment. There are significant penalties for violations of the Code.

**ANSWER**: The allegations in paragraph 32 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 32 is construed to contain allegations requiring an answer, Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer is neither appropriate nor required to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park denies the allegations.

33.     These restrictions infringe on the right of the people of the City, including Plaintiffs, to keep and bear arms as guaranteed by the Second Amendment and made applicable to the states and its political subdivisions by the Fourteenth Amendment.

**ANSWER**: The allegations in paragraph 33 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 33 is construed to contain allegations requiring an answer, Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer is neither appropriate nor required to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park denies the allegations.

34. The Code's prohibitions extend into Plaintiffs' homes, where Second Amendment protections are at their zenith.

**ANSWER**: The allegations in paragraph 34 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 34 is construed to contain allegations requiring an answer, Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer is neither appropriate nor required to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park denies the allegations.

35. Defendant cannot satisfy its burden of justifying these restrictions on the Second Amendment right of the People, including Plaintiffs, to bear, acquire, keep, possess, transfer, and use arms that are in common use by law-abiding adults throughout the United States for the core right of self-defense in the home and other lawful purposes.

**ANSWER**: The allegations in paragraph 35 set forth legal conclusions and legal argument, and thus an answer is neither appropriate nor required. To the extent paragraph 35 is construed to contain allegations requiring an answer, Highland Park has moved to dismiss NAGR's claims for lack of standing, and thus an answer is neither appropriate nor required to the extent they are brought by or relate to NAGR. As to Goldman, Highland Park denies the allegations.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

36. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Code sections identified herein are unconstitutional on their face or as applied to the extent their prohibitions apply to law-abiding adults seeking to acquire, use, transfer, or possess arms that are in common use by the American public for lawful purposes;

**ANSWER**: Paragraph 36 asserts a prayer for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 36 is construed to contain allegations requiring an answer, Highland Park denies that either Plaintiff is entitled to any relief, including because NAGR lacks standing.

37. Enter preliminary and permanent injunctive relief enjoining Defendant and its officers, agents, and employees from enforcing the unconstitutional Code sections identified above;

**ANSWER**: Paragraph 37 asserts a prayer for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 37 is construed to contain allegations requiring an answer, Highland Park denies that either Plaintiff is entitled to any relief, including because NAGR lacks standing.

38. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

**ANSWER**: Paragraph 38 asserts a prayer for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 38 is construed to contain allegations requiring an answer, Highland Park denies that either Plaintiff is entitled to any relief, including because NAGR lacks standing.

39. Award actual compensatory and/or nominal damages; and

**ANSWER**: Paragraph 39 asserts a prayer for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 39 is construed to contain allegations requiring

an answer, Highland Park denies that either Plaintiff is entitled to any relief, including because NAGR lacks standing.

40.     Grant any such other and further relief as the Court may deem proper.

**ANSWER**: Paragraph 40 asserts a prayer for relief, and thus an answer is neither appropriate nor required. To the extent paragraph 40 is construed to contain allegations requiring an answer, Highland Park denies that either Plaintiff is entitled to any relief, including because NAGR lacks standing.

## AFFIRMATIVE AND OTHER DEFENSES

Highland Park asserts the following defenses, without assuming the burden of proof on any defenses or portions thereof which would otherwise rest with Plaintiffs. Highland Park expressly reserves the right to supplement or amend any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

1.      The Code does not violate the Second Amendment.

2.      The Complaint fails to state a cause of action upon which relief may be granted.

3.      Plaintiffs lack standing to bring their asserted claims.

4.      Plaintiffs are not entitled to any damages, costs, fees, or other relief of any kind.

WHEREFORE, Defendant City of Highland Park respectfully requests that the Court enter an order granting judgment in its favor and denying any and all of Plaintiffs' requested relief.

Dated: November 17, 2022                              Respectfully submitted,

                                                      */s/ David H. Hoffman*
                                                      David H. Hoffman (No. 6229441)
                                                      Robert N. Hochman (No. 6244222)
                                                      Neil H. Conrad (No. 6321947)
                                                      Caroline A. Wong (No. 6324863)

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
david.hoffman@sidley.com
rhochman@sidley.com
nconrad@sidley.com
caroline.wong@sidley.com

Steven M. Elrod (No. 6183239)
Hart M. Passman (No. 6287062)
ELROD FRIEDMAN LLP
325 N. LaSalle St.
Suite 450
Chicago, IL 60654
Telephone: (312) 528-5200
steven.elrod@elrodfriedman.com
hart.passman@elrodfriedman.com

Erin Davis (*pro hac vice* application forthcoming)
Philip Bangle (*pro hac vice* application forthcoming)
Shira Lauren Feldman (*pro hac vice* application pending)
BRADY
840 First Street NE
Washington, DC 20002
Telephone: (202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org
sfeldman@bradyunited.org

*Attorneys for Defendant City of Highland Park, Illinois*