**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HIGHLAND PARK, ILLINOIS, <br><br> Defendant. | Case No. 22-cv-04774 |

## RESPONSE IN OPPOSITION TO PARTIAL MOTION TO DISMISS

Plaintiffs submit the following Response in Opposition to the Partial Motion to Dismiss [Doc. 27] filed by the City of Highland Park, Illinois (the "City").

**I.      Defendant's Motion Fails Because At least One Plaintiff Has Standing**

**A.      Only One Plaintiff Need Have Standing**

The *Bruen* case itself demonstrates why Defendant's motion to dismiss should be denied. The plaintiffs in that case were the New York State Rifle & Pistol Association ("NYSRPA"), Robert Nash and Brandon Koch. The State of New York moved to dismiss NYSRPA for lack of standing. The district court denied the motion, writing:

> Defendants argue that NYSRPA lacks standing to bring this case on behalf of the Individual Plaintiffs. 'For federal courts to have jurisdiction over' a party's asserted claims, however, '**only one named plaintiff need have standing with respect to each [of those] claims**.' *Comer v. Cisneros*, 37 F.3d 775, 788 (2d Cir. 1994); *accord Town of Chester v. Laroe Estates, Inc.*, __ U.S. __ 137 S.Ct. 1645, 1651, 198 L.Ed.2d 64 (2017) ('At least one plaintiff must have standing to seek each form of relief requested in the complaint.'). Although NYSRPA's failure to allege any institutional injury may be 'plainly insufficient to give rise to standing,' *Kachalsky v. Cacase*, 817 F.Supp.2d 235, 251 (S.D.N.Y. 2011), Defendants do not dispute that Plaintiffs Nash and Koch, as individuals, have standing to bring the claims asserted. . . . Accordingly, the Court need not address the issue further here.

1

*New York State Rifle & Pistol Ass'n, Inc. v. Beach*, 354 F. Supp. 3d 143, 147 (N.D.N.Y. 2018), *aff'd*, 818 F. App'x 99 (2d Cir. 2020), *rev'd on other grounds and remanded sub nom*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) (emphasis added).

The Supreme Court has held multiple times that in the context of multi-plaintiff constitutional challenges to legislative and regulatory actions that sufficient injury on the part of one plaintiff "is sufficient to confer standing under . . . Article III." *Bowsher v. Synar*, 478 U.S. 714, 721 (1986); *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 264 (1977) (Because at least one individual plaintiff has standing, "we need not consider whether the other individual and corporate plaintiffs have standing"); *Rumsfeld v. Forum for Acad. & Inst. Rights, Inc*., 547 U.S. 47, 52 n.2, (noting with approval that the Court of Appeals "did not determine whether the other plaintiffs have standing because **the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement**") (emphasis added); *cf. Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) ("Only one of the petitioners needs to have standing to permit us to consider their petition for review").

Seventh Circuit precedents are in accord. In *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), organizational plaintiffs challenged on Second Amendment grounds a Chicago ordinance that prohibited firing ranges in the city. Chicago moved to dismiss the organizations for lack of standing and the district court granted the motion. The Seventh Circuit reversed, noting that the Chicago's standing argument had "led the district court astray." *Id*., 651 F.3d at 696. The Court stated: "[t]he district court's **emphasis on the organizational plaintiffs' standing is puzzling**. As we have noted, it's clear the individual plaintiffs have standing. **Where at least one plaintiff has standing, jurisdiction is secure and the court will adjudicate the case whether the additional plaintiffs have standing or not**." *Id*., 651 F.3d at 696 n.7 (emphasis added).

Numerous other cases are in accord. *See* e.g., *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009) ("As long as there is at least one individual plaintiff who has demonstrated standing to assert these rights as his own, a court need not consider whether the other plaintiffs have standing to maintain the suit.") (internal citations and quotation marks omitted; cleaned up); *Korte v. Sebelius*, 735 F.3d 654, 667 n.8 (7th Cir. 2013) (same); *Matushkina v. Nielsen*, 877 F.3d 289, 292 (7th Cir. 2017) (same); *Tierney v. Advoc. Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015) (same); *Teamsters Loc. Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823 n.3 (7th Cir. 2014); and *Luce v. Kelly*, 2022 WL 204373, at *4 (N.D. Ill. 2022).

### B.  The City Does Not Challenge Plaintiff Goldman's Standing in its Motion

Turning to this case, *Ezell* is plainly applicable.[1] Defendants have challenged the standing of the National Association for Gun Rights ("NAGR"), but in its motion it has not disputed that Plaintiff Susan Goldman has standing to bring the claims asserted. Instead of challenging Ms. Goldman's standing, the City filed an Answer to her claims [Doc. 29]. Thus, as in *Ezell*, the City's emphasis on the organizational plaintiff's standing is "puzzling." Ms. Goldman has standing. Therefore, jurisdiction is secure, and the Court should adjudicate the case without considering whether NAGR independently has standing. *Id*. Accordingly, the Court need not address the issue further.[2]

### C.  *White v. Illinois State Police* Does Not Require a Different Result

The City cites *White v. Illinois State Police*, 15 F.4th 801 (7th Cir. 2021), in support of its motion. But that case does not conflict with *Ezell* and does not require a different result. In

---

[1] Though the City cites *Ezell* for general standing principles (Mot. 4), it does not seem to have grasped the actual holding of that case with respect to standing.

[2] Standing is required for subject matter jurisdiction and may be raised for the first time on appeal *Freedom From Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). If the Court were to grant Defendant's motion it would call into question the Supreme Court's decision in *Bruen* on the ground that the Supreme Court did not have subject matter jurisdiction.

*Ezell*, the individual plaintiffs had standing and their claims had merit. *Id*., 651 F.3d at 696, 710. Therefore, since at least one individual plaintiff's claim was proceeding, it was not necessary independently to consider the organizational plaintiffs' standing. *Id*., 651 F.3d at 696.

In contrast, in *White* the individual plaintiff's claims were dismissed. *Id*., 15 F.4th at 810, 814. Therefore, unlike in *Ezell*, there was not at least one individual plaintiff whose claims were proceeding. Therefore, the Court was required to consider the organizational plaintiff's standing independently, and it held the organization did not have independent standing. *Id*., 15 F.4th at 807. The Court did not distinguish the standing principle set forth in *Ezell*, because it was not necessary to do so. No individual plaintiff's claims were proceeding. The City has failed to reckon with *Ezell*. This failure is fatal to its motion.

## II.     NAGR Has Associational Standing

### A.     The Elements of Associational Standing

As discussed above, under *Ezell*, it is not necessary for the Court to consider NAGR's standing independently. Even if it were to do so, however, it would find that NAGR has independent standing to assert its claims.

NAGR has associational standing. An organization has associational standing if (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639–40 (7th Cir. 2017) (internal quotation marks and citations omitted). NAGR meets all three elements.

### B.     The Complaint Alleges Sufficient Facts to Establish Standing

The Complaint alleges as follows:

4

1. Plaintiff National Association for Gun Rights ("NAGR") is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside within the City. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of those who are affected by the City's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully possess and/or transfer property that they lawfully obtained. But for the City's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, NAGR members would seek to acquire, keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

13. Plaintiffs and/or their members currently own and possess Banned Firearms. Plaintiffs and/or their members desire to continue to possess the Banned Firearms within the city limits of the City, and they wish to acquire more Banned Firearms, transfer their currently owned Banned Firearms to other persons in the City and bequeath their Banned Firearms to their devisees. All of these constitutionally protected activities are made illegal by the Code.

29. There is an actual and present controversy between the parties. The Code infringes on Plaintiffs' right to keep and bear arms under the Second Amendment by generally prohibiting the possession of arms that are commonly possessed by millions of Americans for lawful purposes.

### C.     Application of Associational Standing Doctrine

#### 1.     NAGR's Members Would Have Standing

With respect to the first element of associational standing, NAGR's members would have standing to sue in their own right. For its members residing within the City to have standing, they would need to show (1) they suffered a concrete and particularized injury that is either actual or imminent; (2) that the injury is fairly traceable to the defendant; and (3) that a favorable decision will likely redress the injury. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017). All three requirements are met.

5

NAGR alleges that it has members who live in the City. Compl. ¶ 1. NAGR alleges that these members desire to possess the Banned Firearms within the city limits of the City, and they wish to acquire more Banned Firearms, transfer their currently owned Banned Firearms to other persons in the City and bequeath their Banned Firearms to their devisees and that all of these constitutionally protected activities are made illegal by the Code. Compl. ¶ 13. NAGR alleges that but for the City's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, its members would seek to acquire, keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. Compl. ¶ 1. NAGR alleges that the City's ordinance infringes on its members' right to keep and bear arms under the Second Amendment by generally prohibiting the possession of arms that are commonly possessed by millions of Americans for lawful purposes. Compl. ¶ 29.

With respect to the "injury" issue, again, *Ezell* is dispositive. In that case the Court held:

> It is well-established that pre-enforcement challenges are within Article III. The plaintiffs need not violate the Ordinance and risk prosecution in order to challenge it. The very existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper, because a probability of future injury counts as injury for the purpose of standing. **The City did not question the individual plaintiffs' standing; their injury is clear.**

*Id.*, 651 F.3d at 695–96 (7th Cir. 2011) (internal citations and quotation marks omitted; cleaned up) (emphasis added).

NAGR's members have suffered an injury in fact that they may assert in a pre-enforcement challenge to the City's ordinance. The emphasized language in the block quotation is important. In *Ezell*, Chicago did not challenge the individual plaintiffs' standing because that standing was clear. Similarly in this case, the City did not challenge the individual plaintiff's standing. NAGR asserts on behalf of its members' behalf the same injury that Ms. Goldman asserts individually, and the City tacitly admits that she has alleged a sufficient injury to confer

6

standing. It makes no sense for the City to simultaneously argue that NAGR has not pled an injury-in-fact on behalf of its members when it has alleged they have suffered same injury as Ms. Goldman. As for the final two elements of standing, NAGR's members' injury is obviously traceable to the City's unconstitutional ordinance, and a favorable decision enjoining the operation of that ordinance would address their injury. In summary, NAGR's members would have standing to sue in their own right.

### 2. NAGR Seeks to Protect Interests Germane to its Purpose

The second element of associational standing is easily met. The interests NAGR seeks to protect are germane to its purpose. The Complaint alleges that NAGR (i.e. National Association for Gun Rights) is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4) that seeks to defend the right of all law-abiding individuals to keep and bear arms. Compl. ¶ 1.

### 3. Individual Member's Participation is Not Required

Finally, with respect to the third element of associational standing neither the claim asserted by NAGR on behalf of its members nor the relief requested requires the participation of individual members in this lawsuit. NAGR seeks declaratory and injunctive relief on behalf of its members. Compl. ¶¶ 36, 37. "Declaratory, injunctive, or other prospective relief will usually inure to the benefit of the members actually injured and thus individualized proof of damages is often unnecessary." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 603 (7th Cir. 1993). Thus, when an organization brings constitutional claims and seeks injunctive and declaratory relief, neither the claims nor requests for relief require proof of individual damages or otherwise demand participation of their members. *Marszalek v. Kelly*, 2022 WL 225882, at *4 (N.D. Ill. 2022), *citing Shakman v. Clerk of Cook Cnty.*, 994 F.3d 832,

841 (7th Cir. 2021) and *Retired Chicago Police Ass'n*. See also *Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 977 (7th Cir. 2019) (same).

### 4. Conclusion

In summary, while it is not necessary for the Court to reach this issue, NAGR has met all three elements for associational standing. Accordingly, the City's motion should be denied on this ground as well as the ground discussed above.

### D. The City's Other Arguments Lack Merit

#### 1. NAGR is Not Required to Name its Members

The City argues that NAGR lacks associational standing because it has not identified any of its members. Motion 2, 6, 7. The City is confused, because there is no requirement to name members. A division of this Court recently rejected this same argument *in Marszalek v. Kelly*, 2022 WL 225882 (N.D. Ill. 2022). The Court wrote: "**The Seventh Circuit has declined to impose a requirement for organizations to name members for the purposes of establishing associational standing**. Indeed, 'the requirement for an individual member to have standing 'still allows for the member on whose behalf the suit is filed to remain unnamed by the organization.'" Id., at *5, *quoting Prairie Rivers Network*, 2 F.4th at 1011, *quoting Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008).

The City's assertion that in *Prairie Rivers Network* the Seventh Circuit held there was no standing because individual members were not named is false. Indeed, the Seventh Circuit specifically held that it was **not** resolving that issue. *Prairie Rivers Network*, 2 F.4th 1011 (declining to reach the issue). *Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors,*

8

*supra,* remains the controlling law in the Seventh Circuit. That case has not been overruled, and it specifically held there is no requirement that individual members be named.

### 2. NAGR's Members Would Have Standing

The City argues that NAGR's members would not have standing in their own right. But this is a mere assertion on the City's part. Nowhere in its motion does the City address the standing allegations set forth above and explain why NAGR's members would not have standing in their own right. To be sure, the City extracted a snippet from NAGR's standing allegations and asserted that the allegations contained in that snippet are insufficient. Motion 6. This is not a serious argument and hardly needs to be rebutted. It is sufficient to say that, as discussed in detail above, there were substantially more standing allegations that the City did not address. The City appears to believe that merely characterizing the allegations as "conclusory" is sufficient. This is ironic because the City's argument is itself conclusory.

### 3. NAGR is Not Required to Specify How Many Members it Has

The City argues that NAGR does not have standing because it did not specify the exact number of members it has in Highland Park. Motion 6. This argument has not merit. "An association has standing to bring suit on behalf of its members **when any one of its members** would have individual standing to sue . . ." *Shakman v. Clerk of Cook Cnty.*, 994 F.3d 832, 840 (7th Cir. 2021) (emphasis added). *See also Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1011 (7th Cir. 2021) (at least one individual is all that is required); *Disability Rts. Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008) (same); It follows that NAGR may assert associational standing as long as it alleges that it has brought its claim on behalf of at least one member who resides in the City. NAGR has met this requirement. Compl. ¶ 1.

### 4. NAGR Need Not Identify a "Presence" in the City

The City argues that NAGR lacks associational standing because it has not alleged that it has a "presence" in the City. Motion 6. The City cites no authority for the proposition that an association must have a "presence" in a city that it has sued to redress a constitutional violation. No such authority exists. "Has a presence" is not one of the three elements of associational standing. See discussion above.

Standing implicates subject matter jurisdiction. *Freedom From Religion Found., Inc., supra*. By asserting arguments about whether NAGR has a presence in Highland Park, the City seems to be confusing subject matter jurisdiction with personal jurisdiction. A personal jurisdiction analysis involves analyzing whether a party has "minimum contacts" with a forum. A subject matter jurisdiction analysis does not. The injury necessary to support standing need not be large or even significant. In *United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669 (1973), the Court held that injury in fact serves to distinguish a person with a direct stake in the outcome of a litigation "**even though small** from a person with a mere interest in the problem." *Id*., 412 U.S. at 690, n.14 (internal quotation marks omitted; emphasis added). The Court noted that it has allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a fraction of a vote, a $5 fine, or a $1.50 poll tax. *Id*. Thus, "an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." *Id*. (internal quotation marks omitted). *See also Bd. of Educ. of Ottawa Twp. High Sch. Dist. 140 v. Spellings*, 517 F.3d 922, 925 (7th Cir. 2008) ("[T]he constitutional requirement of standing differs from a minimum-amount-in-controversy requirement. Any identifiable injury will do.").

10

### 5. NAGR Does Not Seek Monetary Damages for its Members

The City asserts that NAGR may not seek monetary damages on behalf of its members. But NAGR does not seek monetary damages on behalf of its members. NAGR seeks only injunctive and declaratory relief. Only Ms. Goldman seeks monetary damages.

### III. NAGR Requests Opportunity to Amend if Necessary

As discussed above, the Court should deny the City's motion based on the present state of the record. If, however, the Court believes there are deficiencies in NAGR's standing allegations, it hereby requests an opportunity to amend. *See Robertson v. Allied Sols., LLC*, 902 F.3d 690, 699 (7th Cir. 2018) (plaintiff should be given opportunity to amend). For example, NAGR is prepared to file an amended pleading clarifying that it is not seeking monetary damages on behalf of its members and providing additional details regarding the standing issue.

### IV. Conclusion

Where at least one plaintiff has standing, jurisdiction is secure and the Court should adjudicate the case whether additional plaintiffs have standing or not. The City does not challenge Plaintiff Goldman's standing. Therefore, the Court should adjudicate this case without considering whether NAGR has independent standing, and the City's motion should be denied for that reason. Alternatively, NAGR does in fact have independent associational standing, and the Court should deny the City's motion on that ground. Either way, the City's motion has no merit and should be denied.

Respectfully submitted this 28th day of December 2022.

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com

*Pro Hac Vice*

Designated local counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____
Barry K. Arrington