UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN, <br> Plaintiffs, <br> v. <br> CITY OF HIGHLAND PARK, ILLINOIS, <br> Defendant. | No. 1:22-cv-04774 <br><br> Honorable Harry D. Leinenweber <br><br> Honorable Jeffrey T. Gilbert |

**REPLY IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1)**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

    I.      NAGR Lacks Associational Standing Because It Has Not Sufficiently Identified Any Member With Standing To Sue.......................................................2

    II.     The Court Should Address NAGR's Lack Of Standing Now. ................................3

    III.    NAGR May Request Leave To Amend If Necessary .............................................6

CONCLUSION....................................................................................................................6

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                           **Page(s)**

*Africano-Domingo v. Miller & Steeno, P.C.*,
   2020 WL 247377 (N.D. Ill. Jan. 16, 2020) ............................................................................. 6

*Bank of Camden v. Village of W. Dundee*,
   2014 WL 6655892 (N.D. Ill. Nov. 21, 2014) .......................................................................... 4

*Ezell v. City of Chicago*,
   651 F.3d 684 (7th Cir. 2011) ................................................................................................... 5

*Fuente v. Illinois*,
   2016 WL 5720349 (N.D. Ill. Oct. 3, 2016) ............................................................................. 6

*Gonzales v. N. Tp. of Lake Cnty.*,
   4 F.3d 1412 (7th Cir. 1993) ..................................................................................................... 4

*Halczenko v. Ascension Health, Inc.*,
   37 F.4th 1321 (7th Cir. 2022) ................................................................................................. 5

*M.M.V. v. Garland*,
   1 F.4th 1100 (D.C. Cir. 2021) ................................................................................................. 3

*McConchie v. Scholz*,
   567 F. Supp. 3d 861 (N.D. Ill. 2021) ...................................................................................... 4

*Nanda v. Bd. of Trs. of Univ. of Ill.*,
   219 F. Supp. 2d 911 (N.D. Ill. 2001) ...................................................................................... 6

*New York State Rifle & Pistol Ass'n, Inc. v. Beach*,
   354 F. Supp. 3d 143 (N.D.N.Y. 2018) .................................................................................... 3

*Planned Parenthood of Idaho, Inc. v. Wasden*,
   376 F.3d 908 (9th Cir. 2004) ................................................................................................... 4

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
   2 F.4th 1002 (7th Cir. 2021) ............................................................................................... 2, 3

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*,
   547 U.S. 47 (2006) .................................................................................................................. 3

*Senegal v. JPMorgan Chase Bank, N.A.*,
   939 F.3d 878 (7th Cir. 2019) ................................................................................................... 5

*Thiebaut v. Colorado Springs Utils.*,
   455 F. App'x 795 (10th Cir. 2011) ......................................................................................... 3

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)..................................................................................................4

*Warth v. Seldin*,
    422 U.S. 490 (1975)......................................................................................................4

*We Are Am./Somos Am. v. Maricopa Cnty. Bd. of Supervisors*,
    809 F. Supp. 2d 1084 (D. Ariz. 2011) ..........................................................................4

*White v. Illinois State Police*,
    15 F.4th 801 (7th Cir. 2021) .....................................................................................2, 5

*Winter v. Nat. Resources Defense Council, Inc.*,
    555 U.S. 7 (2008)..........................................................................................................5

**INTRODUCTION**

NAGR's opposition brief (Dkt. 37, "Opp.") provides no specific facts to corroborate its assertion that it has members in Highland Park. If it had such facts, it could readily have provided them. It could have stated members' names, initials, ages, years of residence—anything to confirm that NAGR has at least one bona fide member in Highland Park. Instead, NAGR merely repeats its generalized allegations that "it has members who live in the City" and that "these members desire to possess the Banned Firearms." *Id.* at 6. Those allegations are insufficient under controlling law.

Apparently unable to allege sufficient facts, NAGR denies the need to do so. It contends that the Court should not evaluate its standing at all because, NAGR observes, this Court has subject-matter jurisdiction based on Ms. Goldman's standing.[1] That is only partially correct in light of the relief sought here by Plaintiffs; Highland Park does not dispute that the Court has *jurisdiction* to decide this case. But the question is whether NAGR should be a party in this case despite its failure to allege a legally cognizable interest in its outcome. Even NAGR concedes that this Court *can* dismiss a plaintiff without standing from a case, despite the presence of another plaintiff with standing. The question is whether this Court *should* do so.

This Court should dismiss NAGR as a plaintiff now. The two Plaintiffs ask this Court to issue a preliminary injunction, but if NAGR has no standing, it is not allowed to get the benefit of an injunction, including the right to enforce it. And the determination of two of the factors that courts consider in deciding whether to issue an injunction—that is, irreparable harm to the plaintiffs, and the balance of equities between the parties—may be improperly warped by

---

[1] To be clear, Highland Park does not concede that Goldman has standing. Goldman's allegations may be sufficient to show standing at this stage, but Highland Park intends to explore Goldman's standing during discovery and may challenge it later.

1

including a party that lacks standing. In this case's posture, NAGR should not be allowed to remain.

If NAGR has standing, as it claims, it can seek to correct its allegations' deficiencies by repleading them. If it lacks standing, it can seek to participate in the suit as an *amicus curiae* instead. Either way, the Court should dismiss NAGR.

## ARGUMENT

**I.     NAGR Lacks Associational Standing Because It Has Not Sufficiently Identified Any Member With Standing To Sue.**

NAGR argues that it has associational standing because it allegedly "has members who reside within the City" who wish to "acquire, keep, possess and/or transfer" assault weapons and large-capacity magazines. Opp. 5–6 (quoting Dkt. 1, Compl. ¶ 1). NAGR also spends several pages arguing that its members would have standing because the allegations plead an injury-in-fact, traceability, and redressability. *See id.* at 5–7. But these arguments overlook the threshold problem: to plausibly allege standing, NAGR needs specific factual allegations showing that the members it claims it has in Highland Park actually exist.

That is the holding of *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002 (7th Cir. 2021), and *White v. Illinois State Police*, 15 F.4th 801 (7th Cir. 2021), as Highland Park explained in its opening brief. *See* Dkt. 27 ("Br.") at 6–7. Yet NAGR does not engage with, much less try to distinguish, those decisions. Nor could it: if anything, NAGR's allegations are *more* conclusory than the allegations deemed insufficient in those cases. *See Prairie Rivers*, 2 F.4th at 1009 (allegations that plaintiff had more than 1,000 members in the area affected by the environmental actions at issue were insufficient); *White*, 15 F.4th at 807 (allegations that plaintiff had more than 17,000 members and supporters in Illinois whose Second Amendment rights were affected by the challenged Illinois law were insufficient).

Highland Park has acknowledged (Br. 7 n.4) that *Prairie Rivers* does not require an association to name its members. But that is because there are other ways to allege facts sufficient to establish that an association's members reside in the relevant jurisdiction. *Id.* at 7. Information about "members' initials, ages, years of residence in Highland Park, or other details" could suffice. *Id.* at 7–8 (collecting cases). But NAGR has offered none of that. Instead, it has chosen to rest on its legally insufficient, conclusory assertion. The only plausible inference is that NAGR has nothing further to offer to support that assertion. It therefore lacks standing.

**II.   The Court Should Address NAGR's Lack Of Standing Now.**

All but conceding it lacks standing, NAGR argues that it can remain in the suit anyway because Goldman's standing is unchallenged and, "[w]here at least one plaintiff has standing, jurisdiction is secure." Opp. 11. But the Court's jurisdiction is not the issue here. Highland Park does not dispute that if Goldman remains a plaintiff, the Court's jurisdiction over the case is "secure," regardless of whether NAGR stays in the case. Plaintiffs' cases making this point about jurisdiction are unremarkable and inapplicable to the discussion here.[2] The issue is whether the Court can and should ensure that NAGR has standing before allowing it to proceed as a party. And NAGR does not, and cannot, dispute that the Court has the power to dismiss NAGR if it fails to establish its standing. *See, e.g.*, *M.M.V. v. Garland*, 1 F.4th 1100, 1110 (D.C. Cir. 2021) (courts undeniably have the discretion to "par[e] down a case" at any stage "by eliminating plaintiffs who lack standing"); *Thiebaut v. Colorado Springs Utils.*, 455 F. App'x 795, 802 (10th

---

[2] Plaintiffs' cases (Opp. 1–2), including the underlying district court's decision in *Bruen*, *see New York State Rifle & Pistol Ass'n, Inc. v. Beach*, 354 F. Supp. 3d 143 (N.D.N.Y. 2018), say only that the district court has subject-matter jurisdiction over the case as long as one plaintiff has standing. *See, e.g.*, *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) ("the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement"). They nowhere suggest that other plaintiffs who fail to establish standing must be allowed to remain in the case. Nor do they deny that courts may dismiss such plaintiffs at any stage.

3

Cir. 2011) ("[C]ourts retain discretion to analyze the standing of all plaintiffs in a case and to dismiss those plaintiffs that lack standing."); *We Are Am./Somos Am. v. Maricopa Cnty. Bd. of Supervisors*, 809 F. Supp. 2d 1084, 1091 (D. Ariz. 2011) (nothing "prohibit[s] a district court … from considering the standing of the other plaintiffs even if it finds that one plaintiff has standing"); *McConchie v. Scholz*, 567 F. Supp. 3d 861, 875–82 (N.D. Ill. 2021) (examining the standing of each plaintiff); *Bank of Camden v. Village of W. Dundee*, 2014 WL 6655892, at *4–6 (N.D. Ill. Nov. 21, 2014) (same).

The current posture of this case provides a crucial reason why the Court must address NAGR's standing now. The two Plaintiffs are seeking specific, expedited relief, in the form of a preliminary injunction (*see* Dkt. 7). If NAGR has no standing and Plaintiffs obtain the relief they request, NAGR would be receiving a benefit (an injunction in its favor) it has no right to obtain.

"Article III does not give federal courts the power to order relief to any uninjured plaintiff." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *see also, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally."). A corollary to this principle is that NAGR cannot enforce an injunction in a case in which it has no stake under Article III. *See, e.g.*, *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 918 n.6 (9th Cir. 2004) (directing the district court to determine the standing of a plaintiff because "[o]nly a proper party to an action can enforce an injunction that results from a final judgment"). So the question of whether NAGR has standing should therefore be determined now. *See Gonzales v. N. Tp. of Lake Cnty.*, 4 F.3d 1412, 1416 (7th Cir. 1993) (courts "must consider" each plaintiff's standing when each plaintiff's "presence in the lawsuit may affect issues of … equitable relief").

4

In addition, properly defining the parties is critical in order to properly conduct the preliminary injunction analysis. The four factors in the standard test for deciding whether to issue an injunction, and what its scope should be, include whether "***the plaintiff*** … is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). They also require the Court to "balance the competing claims of injury" and "consider the effect ***on each party*** of the granting or withholding of the requested relief." *Id.* at 24 (emphasis added); *see also, e.g.*, *Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321, 1324 (7th Cir. 2022). If one of the plaintiffs lacks standing, then it would be improper for the court to include it in evaluating these preliminary injunction factors. Thus, the decision about NAGR's standing should not be put off.

The Seventh Circuit's decision in *White* supports the point that NAGR's standing should be determined now, as does *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011). In both, the court evaluated the associational plaintiffs' standing—even though at least one individual plaintiff had standing. *White*, 15 F.4th at 807–08; *Ezell*, 651 F.3d at 694–97 & n.7. This Court should likewise evaluate NAGR's standing, even though Goldman's standing is unchallenged.

NAGR says that *White* is distinguishable because "the individual plaintiff's claims were dismissed" (Opp. 4), but that is irrelevant because the individual's claims were dismissed on the merits, not for lack of standing. *White*, 15 F.4th at 810–14; *see also, e.g.*, *Senegal v. JPMorgan Chase Bank, N.A.*, 939 F.3d 878, 881 (7th Cir. 2019) ("[F]ailure to establish one's legal position[] does not retroactively deprive the litigant of standing."). In fact, *White* undermines NAGR's position: the individual plaintiff in *White* undisputedly had standing and yet the Seventh Circuit addressed the standing of the organizational plaintiff. *White* therefore confirms that the Court can and should address standing now.

5

**III.    NAGR May Request Leave To Amend If Necessary**

In its brief, NAGR requests an opportunity to amend its complaint to "provid[e] additional details regarding the standing issue." Opp. 11. But NAGR does not specify what "details" it could add, or otherwise explain how amendment could cure the deficiencies in its allegations. To the extent the Court entertains NAGR's request for leave to amend, it should require NAGR to raise its request "by motion" and "state with particularity the grounds for seeking" leave. *Fuente v. Illinois*, 2016 WL 5720349, at *2 (N.D. Ill. Oct. 3, 2016); *see also, e.g.*, *Africano-Domingo v. Miller & Steeno, P.C.*, 2020 WL 247377, at *6 (N.D. Ill. Jan. 16, 2020) ("Plaintiff may seek leave to amend her complaint within 21 days if she believes she can correct its jurisdictional deficiencies."); *Nanda v. Bd. of Trs. of Univ. of Ill.*, 219 F. Supp. 2d 911, 915 (N.D. Ill. 2001) (similar).

## CONCLUSION

For the reasons above and in its opening brief, Defendant City of Highland Park, Illinois respectfully requests that this Court dismiss the claims asserted by Plaintiff National Association for Gun Rights for lack of standing.

Dated: January 13, 2023

Respectfully submitted,

*/s/ David H. Hoffman*
David H. Hoffman (No. 6229441)
Robert N. Hochman (No. 6244222)
Neil H. Conrad (No. 6321947)
Caroline A. Wong (No. 6324863)
Claire G. Lee (No. 6339280)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
david.hoffman@sidley.com
rhochman@sidley.com

nconrad@sidley.com
caroline.wong@sidley.com
claire.lee@sidley.com

Steven M. Elrod (No. 6183239)
Hart M. Passman (No. 6287062)
ELROD FRIEDMAN LLP
325 N. LaSalle St.
Suite 450
Chicago, IL 60654
Telephone: (312) 528-5200
steven.elrod@elrodfriedman.com
hart.passman@elrodfriedman.com

Douglas N. Letter (*pro hac vice* application forthcoming)
Erin Davis (*pro hac vice*)
Philip Bangle (*pro hac vice* application forthcoming)
Shira Lauren Feldman (*pro hac vice*)
BRADY
840 First Street NE
Washington, DC 20002
Telephone: (202) 370-8100
dletter@bradyunited.org
edavis@bradyunited.org
pbangle@bradyunited.org
sfeldman@bradyunited.org

*Attorneys for Defendant City of Highland Park, Illinois*