UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF HIGHLAND PARK, ILLINOIS,<br><br>    Defendant. | No. 1:22-cv-04774<br><br>Honorable Harry D. Leinenweber<br><br>Honorable Jeffrey T. Gilbert |

**MOTION OF THE UNITED STATES CONFERENCE OF MAYORS
FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE**

The United States Conference of Mayors ("Conference"), the official non-partisan organization of the more than 1,400 United States cities with populations of 30,000 or more, respectfully submits this Motion for Leave to File a Brief as Amicus Curiae in support of Defendant City of Highland Park, Illinois ("Highland Park") in this matter. For the reasons set forth below, the Conference respectfully requests that this Court grant the motion and permit the filing of the amicus brief attached hereto as Exhibit 1. Counsel for Plaintiffs oppose this motion. Highland Park consents to the motion.

**INTEREST OF AMICUS CURIAE**

1. The Conference is the official non-partisan organization of the more than 1,400 United States cities with populations of 30,000 or more. Each member city is represented in the Conference by its chief elected official, the mayor.

2. The Conference and its members have interests that will be substantially affected by the outcome of this litigation. Its members suffer a disproportionate share of gun violence in the United States and have a common interest in maintaining the flexibility to address this problem in the manner local officials determine to be most effective and appropriate. The

1

Conference seeks leave to file this amicus brief to help illuminate the significant impact of this decision on parties not before the Court.

## THE CONFERENCE'S AMICUS BRIEF WILL AID THIS COURT'S CONSIDERATION OF THIS CRITICAL MATTER

3. "A federal district court's decision to grant amicus status to an individual, or an organization, is purely discretionary. Relevant factors in determining whether to allow an entity the privilege of being heard as an amicus include whether the proffered information is timely, useful, or otherwise" instructive to the Court. *United States v. Bd. of Educ. of Chicago*, No. 08-5124, 1993 U.S. Dist. LEXIS 14307, at *7–8 (N.D. Ill. Oct. 12, 1993) (Kocoras, J.) (internal quotation marks and citations omitted). That standard is broad, and recent guidance has clarified that an amicus brief can be helpful to the Court in many different ways, including "[p]roviding practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers).

4. The Conference and its members offer a unique perspective regarding the increasing frequency and deadliness of gun violence driven by assault-style weapons and high-capacity magazines. Municipalities of all sizes—from Highland Park to Monterey Park to Chicago—bear the impact of this devastating epidemic. While each municipality suffers in its own way from the growing plague of gun violence, the Conference provides a collective outlook in a number of areas in which its members are similarly affected. These areas include the impact of gun violence on the economy, education, law enforcement, and citizens' safety and ability to participate in civic life.

5. The Conference and its members have a critical interest in this litigation, which may affect their historical rights, as recognized in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), to exercise regulatory flexibility to address emerging

2

technologies that threaten society. Such flexibility is necessary to respond to the recent rise in mass shootings and the increase in political and ideological violence. Based on the Conference's role in collecting information from its members across the country, the Conference has experience, insight, and perspective that is relevant to the analysis that the Court must conduct. The Conference respectfully submits, therefore, that the amicus brief attached as Exhibit 1 will be helpful to the Court as it resolves this matter. As the relevant cases in this Circuit and District indicate, when relevant information that would help to educate or inform the Court is available, it is appropriate to hear it.

**CONCLUSION**

For the reasons stated above, the Conference respectfully requests leave to file this brief in order to assist the Court in its consideration of this matter.

Dated: January 26, 2023

Jeffrey E. Stone (No. 6189590)
James P. Durkin (No. 6296298)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 984-2064
jstone@mwe.com
jdurkin@mwe.com

Respectfully submitted,

*/s/ Mary B. McCord*
Mary B. McCord (*pro hac vice*)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY & PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, DC 20001
(202) 661-6607
mbm7@georgetown.edu

Ben Gifford (*pro hac vice*)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY & PROTECTION
Georgetown University Law Center
PO Box 211178
Brooklyn, NY 11221
(202) 662-9835
bg720@georgetown.edu

*Attorneys for Amicus Curiae the United States Conference of Mayors*