IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and SUSAN KAREN GOLDMAN, </br></br>  Plaintiffs, </br></br> v. </br></br> CITY OF HIGHLAND PARK, ILLINOIS, </br></br>  Defendant. | Case No. 22-cv-04774 |

**REPLY IN SUPPORT OF MOTION TO AMEND AND SUPPLEMENT COMPLAINT**

Plaintiffs submit this reply in support of their motion to amend and supplement their Complaint.

**I.  The City Does Not Oppose Plaintiffs' Motion to Amend**

Plaintiffs filed a motion to amend and supplement their Complaint. The City does not oppose Plaintiffs' motion to amend. Opposition ("Opp.") 1-2, n.2.

**II.  Legal Standard Regarding Motion to Supplement**

In *Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492 (7th Cir. 2022), the Seventh Circuit considered a motion to supplement. In that case, the plaintiff moved to supplement its complaint in the early stages of a case, and the district court denied the motion. The Seventh Circuit reversed. *Id.*, 40 F.4th at 519. The Court held that in the early stages of litigation, the only arguable ground for denying the plaintiffs' request to supplement would have been futility on the merits. *Id.*, 40 F.4th at 518. And while the district court had doubts about the legal sufficiency of the plaintiff's new claim, "the denial of a plaintiff's first attempt at leave to amend or supplement will be reviewed rigorously on appeal." *Id.* (internal citations and quotation marks omitted). "Doubts on the merits do not show futility." *Id.*

1

The City argues that the Court should deny leave to supplement because the proposed supplemental pleading would not survive a motion to dismiss and is therefore futile. A proposed pleading is futile if it would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the proposed complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 685, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Before denying a Rule 15 motion, it should be "clear" that the proposed complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). "In the face of uncertainty, applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Id.*, *citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

As set forth below, Plaintiffs' proposed complaint would survive a motion to dismiss. Therefore, the City's argument that the motion to supplement is futile is meritless.

**III.    Facts**

The following facts alleged in Plaintiffs' Proposed Complaint ("Pr. Compl.") must, for purposes of this motion, be accepted as true:

1.    This action is brought to challenge the constitutionality of two laws: Chapter 136 of the Highland Park City Code of 1968 (the "Ordinance") and HB5471 (the "State Law"). Pr. Compl. ¶¶ 10-11.

2.    The Ordinance applies to two types of arms: certain semi-automatic firearms, which are referred to in the Proposed Complaint as the "City Banned Firearms," and certain firearm magazines, which the Proposed Complaint refers to as "City Banned Magazines." Pr. Compl. ¶¶ 3-4.

3. The State Law also applies to two types of arms: certain semi-automatic firearms, which are referred to in the Proposed Complaint as the "State Banned Firearms," and certain firearm magazines, which the Proposed Complaint refers to as "State Banned Magazines." Pr. Compl. ¶¶ 5-6.

4. The Ordinance states that it is unlawful to manufacture, sell, offer, or display for sale, give, lend, transfer ownership of, acquire or possess any [City Banned Firearm] or [City Banned Magazine]. Pr. Compl. ¶ 21.

5. With certain exceptions not applicable to Plaintiffs, the State Law currently makes it illegal to manufacture, deliver, sell, import, or purchase a State Banned Firearm, and beginning January 1, 2024, it will be unlawful for any person within this State to possess a State Banned Firearm. Pr. Compl. ¶ 23.

6. With certain exceptions not applicable to Plaintiffs, the State Law currently makes it to manufacture, deliver, sell, purchase a State Banned Magazine, and on April 9, 2023, it will be illegal to possess a Banned Firearm. Pr. Compl. ¶ 24.

7. Plaintiffs and/or their members desire to exercise their Second Amendment right to acquire, possess, carry, sell, purchase and transfer the Banned Firearms and the Banned Magazines for lawful purposes, including, but not limited to, the defense of their homes. The Ordinance and the State Law prohibit Plaintiffs from exercising their Second Amendment rights in this fashion and provide for substantial penalties for violations of their provisions. Pr. Compl. ¶¶ 22, 26.

8. Plaintiffs have refrained from exercising their constitutional rights for fear of prosecution. Pr. Compl. ¶ 8.

9. The City Banned Firearms, the City Banned Magazines, the State Banned Firearms, and the State Banned Magazines are commonly possessed by law-abiding citizens for lawful purposes.

10. Lou Jogmen is the Chief of Police of Highland Park, Illinois. Pr. Compl. ¶ 10. Under the City's Municipal Code, it is his duty to see to the enforcement of all applicable state statutes, and Chief Jogmen is or will enforce the unconstitutional provisions of the State Law. Pr. Compl. ¶¶ 10, 11.

### IV. Plaintiffs Do Not Assert Claims Based on the State Law Against Highland Park

The City asserts that Plaintiffs' Proposed Complaint is futile because Plaintiffs do not have standing to assert their claims based on the State Law[1] against Highland Park. Opp. 5. This matter is easily resolved. Plaintiffs do not assert any claim against the City of Highland Park based on the State Law. As set forth below, Plaintiffs claims regarding the State Law are asserted against Chief Jogmen only.

### V. Plaintiffs Have Standing to Assert Claims Against Chief Jogmen

The City asserts that Plaintiffs' Proposed Complaint is futile because Plaintiffs do not have standing to assert their claims based on the State Law against Chief Jogmen. Opp. 5. But in the recent Second Amendment case of *Sullivan v. Ferguson*, 2022 WL 13969427 (W.D. Wash. 2022), the Court rejected arguments that are practically identical to those made by the City here.

In that case, the plaintiffs sued local officials, including the sheriffs of two counties, to enjoin their enforcement of a state statute that banned the sale of certain firearm magazines.

---

[1] Plaintiffs' obviously have standing to assert their claims based on the Ordinance against the City. *See Ezell v. City of Chicago*, 651 F.3d 684, 695 (7th Cir. 2011) (plaintiffs' standing to bring Second Amendment challenge against city ordinance "not in serious doubt"). *Monell, infra,* is no bar because the Ordinance is the very epitome of a municipal policy. The City does not appear to dispute this point.

4

*Id*. *1-2. The sheriffs moved to dismiss for lack of standing. The sheriffs argued that the plaintiffs could not meet the traceability or redressability prongs of the standing analysis because other law enforcement agencies were more likely to prosecute them. The Court rejected this argument, holding that because the sheriffs had the authority to enforce the allegedly unconstitutional law, the traceability requirement was met, "even if they are not primarily charged with" enforcing the law. *Id*., *5. This is so because "[a] causation chain does not fail simply because it has several links." *Id*. (internal citations and quotation marks omitted). The Court held that the redressability prong was also met because if the Court were to enjoin enforcement of the law or declare it unconstitutional, the plaintiffs could resume exercising their Second Amendment rights. *Id*.

The Court also noted that the traceability and redressability prongs of standing overlap with the "connection" issue in an *Ex parte Young*, 209 U.S. 123 (1908), analysis. *Id*.,*6, *citing Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) ("The question of whether there is the requisite 'connection' between the sued official and the challenged law implicates an analysis that is 'closely related – indeed overlapping' – with the traceability and redressability inquiry" of standing). And the Court concluded that "the ability to enforce an allegedly unconstitutional law, **even if shared concurrently with another party**, is sufficient to establish the requisite connection for relief pursuant to *Ex parte Young*." *Id*. (emphasis added).

Similarly, in *Mitchell v. Atkins*, 387 F. Supp. 3d 1193 (W.D. Wash. 2019), the plaintiffs asserted an *Ex parte Young* claim for an injunction prohibiting a police chief and a sheriff from enforcing a state law that allegedly violated the Second Amendment. The Court held that the plaintiffs had standing to bring their claim against these local law enforcement officials. *Id*., 387 F. Supp. 3d at 1199.

5

Like the local law enforcement officials in *Sullivan* and *Mitchell*, the City argues that joining Chief Jogmen would be futile, because other law enforcement agents also have the authority to enforce the law. Opp. 5-6. But the traceability requirement is met, "even if [Chief Jogmen is] not primarily charged with" enforcing the law, and his enforcement authority is "shared concurrently with another party." *Sullivan*, *supra*. The redressability prong is also met because a declaration from this Court that the challenged law is unconstitutional would allow Plaintiffs to resume exercising their constitutional rights. It is not necessary for standing to resolve every issue, because "a plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury." *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982) (emphasis in the original).

**VI.     Plaintiffs' Assert *Ex parte Young* Claims Against Chief Jogmen, Not *Monell* Claims**

The City argues that neither Highland Park nor Chief Jogmen is a proper defendant for a claim challenging the State Law under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Opp. 7. It is correct. But, as noted above, Plaintiffs do not seek to make Highland Park a defendant for any claim, including a *Monell* claim, based on the State Law.[2] Moreover, Plaintiffs do not seek to assert a *Monell* claim against Chief Jogmen. Rather, Plaintiffs claim against Chief Jogmen is based on *Ex parte Young*. Accordingly, the City's argument based on *Monell* is pointless because Plaintiffs assert no such claim (at least as far as the State Law is concerned).

*Sullivan* and *Mitchell* are on all fours with respect to this point as well. As noted, in *Sullivan*, the plaintiffs sued local officials, including the sheriffs of two counties, to enjoin their

---

[2] Again, the local ordinance is a separate matter.

6

enforcement of a state statute that banned the sale of certain firearm magazines. The Court held that under *Ex parte Young* parties may sue officials for prospective injunctive and declaratory relief from unconstitutional state laws so long as there is some connection between the officer and enforcement of the allegedly unconstitutional act. *Id.*, 2022 WL 13969427, at *6. Importantly, actions under *Ex parte Young* can be brought against both state and local officials. *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018). Therefore, it is not necessary to resolve the issue of whether local law enforcement acts on behalf of the state or the local jurisdiction when enforcing the allegedly unconstitutional law. *Id*. Also, as noted above, *Ex parte Young's* "some connection" requirement was met for the same reason that the plaintiffs met the traceability and redressability prongs of the standing analysis. "A concurrent ability to enforce state law [is] sufficient connection for purposes of *Ex parte Young*." *Sullivan*, *6.

It is not necessary to expressly mention *Ex parte Young* in a complaint in order to plead the cause of action if the factual allegations and relief sought otherwise support the claim. *Id.*, *7. In such a case, the court will "construe such pleadings as containing an action brought pursuant to *Ex parte Young*." *Id*. In *Minnesota RFL Republican Farmer Lab. Caucus v. Freeman*, 2020 WL 1333154, at *2 (D. Minn. Mar. 23, 2020), the Court denied a motion to dismiss a claim to enjoin certain local officials from enforcing an unconstitutional state statute. The Court held that in determining whether an *Ex parte Young* claim has been pled, "a court is to conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.*, *quoting Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring). The plausibility of an *Ex parte Young* claim is determined by Plaintiffs' factual allegations and not

labels. *Id*. *3, n.4. The fact that a complaint does not refer explicitly to *Ex parte Young* does not forbid its assertion. *Id*.

The Court in *Sullivan* contrasted the *Ex parte Young* case that the plaintiffs had brought against the local law enforcement officers with a *Monell* claim, which they asserted they had not brought. The Court held that given Plaintiffs' explicit concessions that they were not asserting a *Monell* claim, such a claim would not go forward but the *Ex parte Young* claim would. *Id*.

Similarly, the plaintiffs in *Mitchell* challenged certain Washington gun control laws on Second Amendment grounds. The plaintiffs sued local law enforcement officers, including the Chief of Police of Spokane, seeking to enjoin them from enforcing the state law. The Court denied the officers' motion to dismiss the plaintiffs' claims for injunctive relief. *Id*., 387 F. Supp. 3d at 1199. The Court noted that in *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created a cause of action to enjoin violations of federal law and that an *Ex parte Young* action can be brought against both state and local officials. *Id*. A court may exercise *Ex parte Young* jurisdiction over a local official if there is a connection between the official and the enforcement of the state law. *Id*. The Court held that the local law enforcement officials were proper defendants because of their role in enforcing Washington's gun control laws. *Id*., 387 F. Supp. 3d at 1200. The Court specifically rejected the local law enforcement officers' argument that state officials were the only proper defendants. The court wrote:

> [The local law enforcement officers] contend that the proper approach in a case like this is to proceed against state defendant to invalidate the law itself rather than stop enforcement. Defendants appear to misunderstand the nature of *Ex Parte Young* actions, which exist precisely to enjoin the enforcement of state statutes that violates federal law. While the attorney general is entitled to intervene in any action where a state law's constitutionality is questioned, see 28 U.S.C. § 2403(b), simply suing a high-ranking state official is not necessarily correct in an *Ex Parte Young* action. … **Here, police department heads like**

8

> **Atkins and Meidl play a direct role in enforcing the challenged laws. This makes them proper defendants.**

*Id.*, 387 F. Supp. 3d at 1200–01 (emphasis added).

In this case, Plaintiffs have met all of the requirements of asserting an *Ex parte Young* claim against Chief Jogmen. First, like the Ninth Circuit, the Seventh Circuit has held that an *Ex parte Young* claim can be asserted against both state and local officials. *Lee v. Bd. of Regents of State Colleges*, 441 F.2d 1257, 1260 (7th Cir. 1971); *see also Hernandez v. O'Malley*, 98 F.3d 293, 297 (7th Cir. 1996) (allowing *Ex parte Young* claim to go forward against local State's Attorney). A "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" (*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)), reveals that the Plaintiffs are seeking prospective injunctive and declaratory relief against Chief Jogmen because the State Law represents an ongoing violation of federal law. Pr. Compl. ¶¶ 30, 34, 35. The State Law is a criminal statute, and Chief Jogmen, as the chief law enforcement office of the City, obviously plays a role in enforcing the law. This is sufficient to establish both the traceability and redressability prongs of the standing analysis as well as *Ex parte Young's* "some connection" requirement. This is true even if Chief Jogmen shares his authority to enforce the law with others. "A a concurrent ability to enforce state law [is a] sufficient connection for purposes of *Ex parte Young*." *Sullivan*, *6. Thus, Plaintiffs have pled an *Ex parte Young* claim even though that case is not specifically cited in the Complaint.

**VII.** **The City's Cases Actually Support Plaintiffs' Position**

Plaintiffs cite *Doe v. Holcomb*, 883 F.3d 971 (7th Cir. 2018), in support of their argument. But that case actually supports Plaintiffs' case. In *Doe*, the plaintiffs asserted an *Ex parte Young* claim against a local official (the Marion County Clerk of Court). The Court held

9

that the claim failed because the clerk was not sufficiently connected to enforcing the allegedly unconstitutional state statute, because her role was strictly ministerial. *Id*., 883 F.3d 978. She had no power to actually enforce the state statute. *Id*. The implication of the Court's holding is that if the local official had been in a position to enforce the statute, the plaintiffs' *Ex parte Young* claim would have gone forward. Thus, *Doe* stands for the proposition that when a local official does have authority to enforce an allegedly unconstitutiaonl state statute – as is the case with Chief Jogmen – a plaintiffs' *Ex parte Young* action may proceed.

Next, the City cites *Lukaszczyk v. Cook Cnty*., 47 F.4th 587 (7th Cir. 2022), for the proposition that mere compliance with a state statute is insufficient to establish standing. That is true but also irrelevant because Plaintiffs have not alleged that Chief Jogmen is merely complying with an unconstitutional statute. Rather, they alleged that he will actively enforce an unconstitutional statute. In *Lukaszczyk,* the defendant's sole role was to receive certain lists of vaccinated and tested people. *Id*., 47 F.4th at 598. The Court held that the defendant "did not issue or require compliance with" the allegedly unconstitutional regulation. *Id*. Therefore, it did not cause any harm to the plaintiffs. *Id*. Importantly for present purposes, the Court cited *Doe v. Holcomb*, 883 F.3d 971, 975–76 (7th Cir. 2018), for the proposition that when a plaintiff seeks to enjoin the enforcement of a state statute, he must establish that his injury is connected to enforcement of the statute. *Id*. In other words, the Court held that where a defendant has no role in promulgating or enforcing a regulation, there is no standing. But where a defendant does have such a role, standing is established. Thus, *Lukaszczyk* supports Plaintiffs' position, because Chief Jogmen does have a role in enforcing the State Law. Again, for standing and *Ex parte Young* purposes, it makes no difference that he shares that role with others.

### VIII. Plaintiffs' *Ex parte Young* Claims are Not Duplicative

The City argues that Plaintiffs' claims against Chief Jogmen are duplicative of their claims against the Highland Park. Opp. 9. This is not accurate. As discussed above, in this action Plaintiffs seek relief against the enforcement of two laws. They have already brought a *Monell* Claim against the City for damages and declaratory and injunction relief on account of the City's unconstitutional Ordinance. In addition, they seek to bring an *Ex parte Young* claim against Chief Jogmen for strictly declaratory and injunctive relief against the State Law. These are obviously not duplicative claims.

### IX. That the Proposed Complaint Would Expand this Case is Not a Ground for Denial of a Motion to Supplement

The City urges the Court to deny Plaintiffs' motion to supplement on the ground that the proposed complaint would result in "[e]xpanding this case." Opp. 10. Needless to say, "expanding this case" is not one of the grounds listed by the Seventh Circuit for denying a motion to amend or supplement. *See Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019) (listing futility, undue delay, prejudice to another party, or bad-faith conduct as usual grounds to deny motion). Plaintiffs will not spend much time on this, because the Seventh Circuit recently expressly rejected "expanding the case" as a ground for denial. In *Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492 (7th Cir. 2022), the district court denied a motion to supplement in part because it concluded the new claim would expand the scope and nature of the case. *Id.*, 40 F.4th at 518. The Court reversed, holding that it did "not find this rationale persuasive."

### X. A Federal Statute Addresses the City's Concern that the State is not a Party

Finally, the City repeatedly implies that there is something inherently wrong or unusual about placing the constitutionality of a state statute at issue in this case without joining a state defendant. *See, e.g.*, Opp. 1, 2, 7, etc. This argument is puzzling to say the least. 28

11

U.S.C. § 2403(b) states: "In any action . . . to which a State . . . **is not a party**, wherein the constitutionality of any statute of that State . . . is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene . . ." (emphasis added). This statute is designed to give the State notice and an opportunity to defend the constitutionality of its statute in a case in which it "is not a party." Surely, the statute would not exist if it were wrong or unusual to challenge the constitutionality of a statute in a case in which the State is not a party. Of course, just the opposite is true. State statutes are routinely challenged in proceedings in which the State is not a party. That is the whole point of the statute. Thus, the City errs when it suggests there would be something inherently wrong with challenging the State Law in this action.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully renew their motion to amend and supplement their Complaint.

Respectfully submitted this 8th day of February 2023

*/s/ Barry K. Arrington*

_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
*Pro Hac Vice*

Designated Local Counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____

Barry K. Arrington