UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN KAREN GOLDMAN, and NATIONAL ASSOCIATION FOR GUN RIGHTS<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF HIGHLAND PARK, ILLINOIS,<br><br>*Defendant*; | Case No. 1:22-cv-04774<br><br>Hon. Harry D. Leinenweber |
| ROBERT C. BEVIS, and NATIONAL ASSOCIATION FOR GUN RIGHTS, and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES,<br><br>*Defendants*; | Case No. 1:22-cv-04775<br><br>Hon. Virginia M. Kendall |
| JAVIER HERRERA,<br><br>*Plaintiff*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity | Case No. 1:23-cv-00532<br><br>Hon. Mary M. Rowland |

County Board of Commissioners President, KIMBERLY M. FOXX, in her official capacity as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, DAVID O'NEAL BROWN, in his official capacity as Superintendent of Police for the Chicago Police Department,

*Defendants.*

## MEMORANDUM IN SUPPORT OF MOTION FOR RULE 40.4 REASSIGNMENT OF RELATED CASES

Counsel for Dr. Javier Herrera moves under Local Rule 40.4 to reassign related cases pending in this District. Counsel for Plaintiffs in the related cases agree that the cases should be reassigned so that they may all be heard and decided together. Dr. Herrera's case is pending in the Northern District before Judge Mary M. Rowland. *See Herrera v. Raoul et al.*, No. 1:23-cv-00532 (N.D. Ill.).[1] He challenges the constitutionality of state and local firearms laws and has a pending preliminary injunction motion. Related cases appropriate for reassignment are pending before Judge Harry D. Leinenweber in *Goldman v. Highland Park*, No. 1:22-cv-04774, and before Judge Virginia M. Kendall in *Bevis v. Naperville*, No. 1:22-cv-04775.[2]

Counsel files this motion in the lowest-numbered case for which reassignment of all cases could be appropriate, which is *Goldman*. Counsel is also filing notice of this motion in *Bevis*, which would also be an appropriate Court for reassignment of all cases. Hearing these related Plaintiffs'

---

[1] On February 14, 2023, counsel for Dr. Herrera asked all Defendants' counsel in *Herrera* whether they would consent to this request for reassignment in light of the related nature of the cases. Defendants' counsel did not respond.

[2] Detailed below, the *Goldman* and *Bevis* Defendants earlier filed Rule 40.4 motions to reassign *Goldman* and *Bevis* cases to *Viramontes v. Cook County*, 1:21-cv-04595, pending before Chief Judge Pallmeyer. Those motions have not been ruled on. After they were filed, circumstances changed. The *Viramontes* Plaintiffs have since moved to stay that litigation pending the resolution of some plaintiffs' related preliminary injunction motion filed in the Southern District of Illinois. ECF 69; ECF 70. If *Viramontes* Plaintiffs are seeking a stay and the *Herrera*, *Goldman*, and *Bevis* Plaintiffs here are seeking temporary restraining orders and/or preliminary injunctions, then Rule 40.4(b) is likely no longer met for reassignment to *Viramontes*. *See Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 2005 WL 8177563 (N.D. Ill. 2005). That said, counsel will re-file this motion in *Viramontes* if the Court so directs.

2

pending requests for temporary restraining orders and/or preliminary injunctions in one forum is consistent with Local Rule 40.4 and principles of judicial economy. Doing so will streamline review of constitutional issues that are uniform across all cases and ensure the speedy resolution of the Plaintiffs' constitutional claims. *See Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011); *cf. Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (discussing considerations for transfer under §1404, including "speed" and "court's relative familiarity with the relevant law").

Dr. Herrera's case, like others in this district, challenges the constitutionality of firearms laws banning the purchase and possession of commonly owned semiautomatic rifles, including the AR-15, and standard magazines for that rifle and commonly owned handguns. *See* Ex. A, Compl., ECF 1, *Herrera v. Raoul*, No. 1:23-cv-523 (filed Jan. 27, 2023). Dr. Herrera seeks a preliminary injunction, warranted in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *See* Ex. B, Mot., ECF 4; Ex. C, Memo. in Support of Mot., ECF 5; Ex. D, Herrera Dec., ECF5-1. Dr. Herrera is a doctor of emergency medicine, a professor of tactical medicine, and a medic on a Chicago area SWAT team. Compl. ¶¶5, 16, 25-28.[3] He is a law-abiding gun owner. *Id.* ¶¶5, 19-24; Herrera Dec. ¶¶3-6. Operators on his SWAT team carry AR-15 semiautomatic rifles when they deploy for high-risk missions, including hostage situations and active-shooter scenes; it is critical that Dr. Herrera be able to train with those operators and maintain

---

[3] *See* American College of Emergency Physicians, "What is tactical medicine," https://www.acep.org/tacticalem/about-us/what-is-tactical-medicine/ ("Tactical Medicine, or Tactical Emergency Medicine, is the medical specialty that involves the services and emergency medical support necessary to preserve the safety, physical and mental health, and overall well-being of military and law enforcement (SWAT) special operations (tactical) personnel and others at the scene of critical incident deployments and training…. Tactical medical providers are professionals who ideally are trained to function effectively and safely deliver rapid high-quality emergency medical care in austere conditions, and also be competent in preventive medicine, *team tactics and weapons safety and marksmanship*, security, waterborne operations, environmental medicine, wilderness deployment, USAR (urban search and rescue), HazMat, extraction, CasEvac techniques, defensive tactics, and many other skills. The primary goal is to save officer/soldier lives. The secondary goal is to provide medical care for others at the scene and expedite extraction and transportation to augment the EMS system.").

proficiency with those firearms so that he could safely handle and disarm such arms if the need arises during the team's high-risk missions. Compl. ¶¶28-30, 34; Herrera Dec. ¶¶8-10, 12. Cook County and City of Chicago laws, combined with his professional demands, have made it a practical impossibility for him to participate in the team's regular training with his semiautomatic rifle; it is illegal for Dr. Herrera to keep his semiautomatic rifle and standard magazines in his Chicago home, such that retrieving and returning his rifle to participate in the team's shooting drills would entail driving more than four hours round trip. Compl. ¶¶20-24, 24, 29-34; Herrera Dec. ¶¶5-12. Nor can he keep his handgun, which like many handguns comes standard with a 17-round magazine, operable in his home. Compl. ¶¶20-22; Herrera Dec. ¶5. Illinois's newly enacted law compounds those constitutional harms. It immediately banned purchases of AR-15 semiautomatic rifles, rifle components, and standard magazines, which Dr. Herrera otherwise would have made. Compl. ¶¶40-44, 49-50; Herrera Dec. ¶¶5-6. And beginning in April, state law permits some to continue only to "possess" arms at specified locations; it does not indicate whether anyone may "use" arms at those locations, beyond "a properly licensed firing range or sport shooting competition venue." Compl. ¶47 (720 ILCS 5/24-1.10(d)); Ex. C, Memo. at 7. The state law's grandfathering provision, moreover, applies only to those who will submit to additional registration requirements, which the complaint also challenges as ahistorical and unconstitutional. Compl. ¶¶46, 103, 127-35. Together, these laws prohibit Dr. Herrera from keeping and bearing, if necessary, some of the most commonly owned arms today inside his own home, or purchasing replacement parts or magazines. They've made it a practical impossibility for Dr. Herrera to participate in regular training with his SWAT team with his rifle. Dr. Herrera's ability to safely handle an AR-15 on missions is critical, those missions are ongoing, and his skills degrade with each missed monthly opportunity to participate in the team's shooting drills.

As detailed in Dr. Herrera's preliminary injunction motion and those filed by related Plaintiffs challenging the same or materially similar bans, the challenged laws are unconstitutional. The harm is

4

irreparable. And Rule 40.4 counsels in favor of hearing those claims together before the same Court.

## BACKGROUND

There are various related cases challenging the constitutionality of the same state law and substantially similar local firearms laws. Starting with Dr. Herrera's case, they include:

**1. Dr. Herrera's case, *Herrera v. Raoul*, No. 1:23-cv-00532 (Hon. Mary M. Rowland):** On January 27, 2023, Dr. Herrera filed a complaint (attached as Exhibit A) against Illinois officials, Cook County and Cook County officials, and the City of Chicago and Chicago officials. ECF 1. The same day, Dr. Herrera filed a motion for temporary restraining order and preliminary injunction (attached as Exhibit B), memorandum of law (attached as Exhibit C), and a declaration in support of the motion (attached as Exhibit D). Mot., ECF 4; Memo. of Law in support of Mot., ECF 5; Herrera Dec., ECF 5-1.[4] Described above, Dr. Herrera's complaint and preliminary injunction motion challenge the constitutionality of Illinois, Cook County, and City of Chicago laws that ban the purchase, possession, and use of commonly owned AR-15 semiautomatic rifles and standard magazines for that rifle and commonly owned handguns;[5] he also challenges the new registration requirement in the state law, required for him to continue possessing the banned arms. As argued in his preliminary injunction brief, there are no historical analogues for those bans or registration requirement, as required by *Bruen*. *See Bruen*, 142 S. Ct. at 2129-30.

On February 1, 2023, Plaintiff's counsel requested a status hearing regarding the pending motion for preliminary injunction filed on January 27. ECF 26. The Court held the status hearing on

---

[4] The civil cover sheet in Dr. Herrera's case marked as related *Viramontes v. Cook County*, No. 1:21-cv-04595, currently pending before Chief Judge Pallmeyer. *See* Dkt. 1-1, *Herrera v. Raoul*, No. 1:23-cv-00532 (filed Jan. 27, 2023). Described below, *Viramontes* challenges the constitutionality of the same Cook County ordinance that Dr. Herrera challenges as part of his suit. The cover sheet noted that Rule 40.4(b)'s conditions might not be met for consolidation with *Viramontes* because the *Viramontes* Plaintiffs, filing their suit before *Bruen*, had not sought preliminary relief. And the *Viramontes* Plaintiffs have since sought a stay of that litigation. ECF 69, *Viramontes v. Cook County*, No. 1:21-cv-04595 (filed Jan. 31, 2023).

[5] State law bans rifle magazines exceeding 10 rounds and handgun magazines exceeding 15 rounds. 720 ILCS 5/24-1.10(a)(1). County law bans all magazines exceeding 10 rounds. Cook Co. Code of Ord. §§54-211, 54-212(a). City law bans all magazines exceeding 15 rounds. Chi. Mun. Code §§8-20-010, 8-20-085(a).

February 9. The Court ordered Defendants' response to the preliminary injunction motion due March 3 and Dr. Herrera's reply by March 10. *Id.* No hearing has been set; the docket states a hearing "will be set after the court has reviewed the briefs." At the status hearing, Judge Rowland noted that she has a criminal drug conspiracy trial starting the week that the motion will be fully briefed. ECF 40 (Transcript at 21:13-20).

Meanwhile, Defendants' responsive pleading is due February 21. Fed. R. Civ. P. 12(a)(1).

2. ***Goldman v. City of Highland Park, Ill.*, No. 1:22-cv-04774 (Hon. Harry D. Leinenweber):** The *Goldman* Plaintiffs filed a complaint against the City of Highland Park. ECF 1. They challenge the constitutionality of Highland Park's ordinance—modeled after the Cook County ordinance that Dr. Herrera challenges—that bans the sale and possession of AR-15 semiautomatic rifles and magazines exceeding 10 rounds. *Id.* ¶¶10, 21, 31-35. They are seeking a preliminary injunction. ECF 7. They argue that Highland Park's ordinance unconstitutionally bans a class of arms and that, as required by *Bruen*, there are no historical analogues for such bans. *Id.* at 12-24. The preliminary injunction motion will be fully briefed on March 13, 2023. ECF 36. No hearing date has been set.

The *Goldman* Plaintiffs have also moved to amend their complaint to challenge the newly enacted state law that Dr. Herrera's case also challenges. ECF 42. Highland Park has opposed that motion. ECF 73. It remains pending.

Explained below, in late December 2022, Highland Park moved to reassign the case as related to *Viramontes v. Cook County*, No. 1:21-cv-04595, before Chief Judge Pallmeyer. Given the overlapping arguments with those here, the brief in support of that motion is attached as Exhibit E. The motion has not been ruled on, and the *Viramontes* Plaintiffs have since moved to stay the *Viramontes* litigation.

3. ***Bevis v. City of Naperville, Ill.*, No. 1:22-cv-04775 (Hon. Virginia M. Kendall):** The *Bevis* Plaintiffs filed a complaint against the City of Naperville. ECF 1. They initially challenged

6

the constitutionality of Naperville's ban on the sale of "assault rifles." *Id.* ¶¶12, 28-32. Plaintiffs sought a temporary restraining order and preliminary injunction. ECF 10. They argued that the ban on sales of a class of arms is unconstitutional and that, as required by *Bruen*, there are no historical analogues for such a ban. *Id.* at 10-19. The parties then entered into a stipulation staying the ordinance, and at the Court's request submitted supplemental briefing regarding historical analogues. ECF 29; ECF 34; ECF 35. In late January, the *Bevis* Plaintiffs then amended their complaint to challenge the newly enacted Illinois law banning sales of AR-15 semiautomatic rifles and magazines exceeding 10 rounds for rifles and 15 rounds for handguns, as well as its provisions banning possession of the same. Am. Compl. ¶¶23-26, 30, ECF 48; Notice, ECF 49. On January 24, the *Bevis* Plaintiffs again moved for a temporary restraining order and preliminary injunction to preliminarily enjoin those provisions of state law. ECF 50. Three days later, on January 27, the Court held oral argument on the motion to enjoin the state law and the parties submitted supplemental briefing. ECF 55, 57-58, 60. Briefing on the motion by the parties is complete. The Court has notified the State of the amended complaint and pending motion challenging the state law, but the State has not appeared. ECF 56; Fed. R. Civ. P. 5.1(b); 28 U.S.C. §2043.

Explained below, in January 2023, Naperville moved to reassign the case as related to *Viramontes v. Cook County*, No. 1:21-cv-04595, before Chief Judge Pallmeyer. Given the overlapping arguments with those here, that motion is attached as Exhibit F. The *Viramontes* Plaintiffs have since moved to stay that litigation, and the motion to reassign has not been ruled on.

4. ***Viramontes v. Cook County*, No. 1:21-cv-04595 (Hon. Rebecca R. Pallmeyer):** The *Viramontes* Plaintiffs filed a complaint against Cook County officials in 2021 before the Supreme Court's decision in *Bruen*. ECF 1. They challenge the constitutionality of Cook County's ban on the purchase and possession of semiautomatic rifles, including AR-15s. *Id.* ¶¶61-70. They have *not* sought a preliminary injunction and have proceeded through discovery. Dispositive motions were due on

7

February 2, 2023. ECF 63. But on January 31, the *Viramontes* Plaintiffs moved to stay proceedings. ECF 69. A hearing on the motion to stay will occur on March 8, 2023. ECF 74. Dispositive motions deadlines are stayed until the Court rules on the stay. ECF 73.

Before the *Viramontes* Plaintiffs moved to stay proceedings, the Highland Park defendants in the *Goldman* case moved to reassign the *Goldman* case to be heard with *Viramontes*. Ex. E, ECF 55. The *Goldman* Plaintiffs opposed that motion because of the two different procedural postures of the case, ECF 58, and the *Viramontes* Plaintiffs took no position, ECF 59. Likewise, before the *Viramontes* Plaintiffs moved for a stay, the Naperville defendants in the *Bevis* case moved to reassign the *Bevis* case to be heard with *Viramontes*. Ex. F, ECF 65. The Naperville Defendants' motion explains that "[a]ll actions involve the same essential question of law: whether, in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), legislatures may lawfully prohibit assault weapons," that "all actions raise many common questions of fact," that both the *Goldman* and *Bevis* cases have added challenges to the same provisions of the newly enacted state law, and that all expert reports "heavily overlap." *Id.* at 2, 7. But less than two weeks later, the *Viramontes* Plaintiffs moved to stay their case pending further developments in the Southern District of Illinois cases. ECF 69; ECF 70. Presumably for that reason, the motions to reassign have not been ruled on.

     **5.**    *Kenneally v. Raoul*, **No. 3:23-cv-50039 (Western Division) (Hon. Iain D. Johnston):** Patrick Kenneally, the McHenry County State's Attorney, filed a complaint against State officials challenging the newly enacted state law banning the purchase and possession of semiautomatic rifles, including AR-15s, and magazines. Defendants removed that action on January 27, 2023, to the Western Division. ECF 1. On February 14, Kenneally moved for a preliminary injunction. ECF 5; ECF 6. The motion argues that the state law bans violate the Second Amendment. *Id.* The same day the motion was filed, the Court set a briefing schedule. ECF 7. The motion will be

fully briefed on April 14, 2023. *Id.*

6. **Actions pending in the Southern District of Illinois:** There are multiple actions pending against Illinois state officials in the U.S. District Court for the Southern District of Illinois. Those actions challenge the constitutionality of the newly enacted Illinois law's ban on the purchase and possession of semiautomatic rifles, including AR-15s, and magazines. *See, e.g.*, *Harrel v. Raoul*, No. 3:23-cv-00141 (S.D. Ill.); *Langley v. Kelly*, No. 3:23-cv-00192 (S.D. Ill.); *Federal Firearms Licensees of Illinois v. Pritzker*, No. 23-cv-00215 (S.D. Ill.); *Barnett v. Raoul*, No. 23-cv-00209 (S.D. Ill.). All actions have been reassigned to Judge Stephen McGlynn. The plaintiffs in these actions are seeking preliminary injunctions, which should be full briefed in early March. *See, e.g.*, ECF 23, *Harrel*, No. 3:23-cv-00141 (S.D. Ill.); ECF 24 (asking state defendants to "provide illustrative examples of each and every item banned" by the State's "assault weapon" ban in preliminary injunction responses).

7. **Actions pending in state court:** There are various state-court actions that challenge the newly enacted Illinois law on state-law grounds. *See, e.g.*, *Accuracy Firearms, LLC v. Pritzker*, No. 2023-MR-4 (Effingham Cty. Cir. Ct.); *Bailey v. Harmon*, No. 2023-MR-1 (White Cty. Cir. Ct.); *Caulkins v. Harmon*, No. 2023-CH-3 (Macon Cty. Cir. Ct.). Temporary restraining orders have been granted as to the plaintiffs in those cases, and one such temporary restraining order has been affirmed on appeal by the Fifth District. *See Accuracy Firearms, LLC v. Pritzker*, --- N.E.3d ---, 2023 WL 1930130 (Ill. App. Ct. 5th Dist. 2023).

## ARGUMENT

Local Rule 40.4 permits reassignment of related actions where, as here, cases "involve some of the same issues of fact or law." LR40.4(a)(2). Local 40.4(b) requires movants to show:

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
(4) the cases are susceptible of disposition in a single proceeding.

LR40.4(b). Argued below, and as the *Bevis* and *Goldman* Defendants have already extensively briefed, the Rule 40.4(b) factors are met for the *Herrera*, *Bevis*, and *Goldman* cases challenging the constitutionality of identical or substantially similar AR-15 bans and magazine bans, and which seek temporary restraining orders and/or preliminary injunctions. *See* Exs. E & F. The only remaining questions are *which* of the related cases ought to be heard together and *where*.

As for *which* of the related cases ought to be heard together: The *Bevis* and *Goldman* Defendants argued that their cases should be heard with the *Viramontes* litigation. *Id.* But then the *Viramontes* Plaintiffs moved to stay, *supra*. In light of that intervening request to stay and because the *Viramontes* Plaintiffs have no pending request for preliminary injunction or summary judgment, the related Plaintiffs request that reassignment be limited to cases seeking preliminary injunctions.

As for *where* the related cases ought to be heard together: the related Plaintiffs request that the cases be reassigned to whichever Court is able to hear them most expediently. Based on recent hearings and a comparison of scheduling, that appears to be *Bevis* or alternatively *Goldman*. The *Bevis* Court has heard argument on Plaintiffs' motion and has stated it now has "in-depth" familiarity with the Second Amendment issues shared among these cases. *See* ECF 60 (Transcript at 4:2-5, 11:11-14), *Bevis v. Naperville*, 1:22-cv-04775 (Jan. 27, 2023). In *Herrera*, during the February 9 status hearing, the Court stated it had not yet had an opportunity to read Dr. Herrera's preliminary injunction motion, and the Court noted that it had a criminal conspiracy trial starting the week that the motion would be fully briefed. *See* ECF 40 (Transcript at 5:6-7, 21:13-20), *Herrera v. Raoul*, 1:23-cv-00532 (Feb. 9, 2023).

Which Court could most expeditiously resolve the motions is necessarily a relevant factor for these related cases seeking preliminary relief. The requests for preliminary injunctions involve alleged irreparable harm stemming from the violation of Second Amendment rights, where such harm is presumed. *See Ezell*, 651 F.3d at 699. For Dr. Herrera in particular—his proficiency degrades every month he cannot bring his AR-15 to the SWAT team's training, in addition to being without his

10

preferred self-defense firearms in his home. And newly enacted state law has compounded the constitutional harm, leaving it uncertain where and how firearms may be lawfully used anywhere within the State's borders, *supra*. Expeditious resolution is also achievable where, as here, the requests for preliminary injunctions present primarily a question of constitutional law, where historical facts are largely undisputed; what's disputed is the legal *relevance* or *application* of such historical facts.[6] *Cf. Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) (noting there are "no evidentiary issues" for remand because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial" and instead concerned "'legislative facts,' which is to say facts that bear on the justification for legislation, as distinct from facts concerning the conduct of parties in a particular case ('adjudicative facts') … determined in trial"). In the related context of 28 U.S.C. §1404 transfers, courts consider "efficient administration of the court system," "docket congestion," "likely speed to trial," and "familiarity with the relevant law." *See Rsch. Automation, Inc.*, 626 F.3d at 978; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) ("the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial"). Here too, the same considerations of timing ought to guide reassignment.

For the remaining reasons, all Rule 40.4(b) factors are met for reassignment:

**1.    All cases are pending in this Court.** Dr. Herrera's case shares common questions of law and common facts with multiple cases described above that are pending in the Northern District's Eastern Division.[7] *Herrera*, *Bevis*, and *Goldman*, moreover, all have pending motions for

---

[6] For example, in various cases Defendants have or will put in the same or similar expert declarations regarding the dangerousness of the banned arms. *See, e.g.*, State's Mot. for Extension of Time ¶7, ECF 18 *Harrel v. Raoul*, 3:23-cv-00141 (stating Illinois had retained criminology Professor Louis Klarevas); Klarevas Dec. in support of Highland Park Opp'n to Preliminary Injunction, ECF 45-6, *Goldman v. Highland Park*, 1:22-cv-04774. Many of the historical facts in those declarations are unlikely to be disputed, but their legal relevance or application will be, *see Caetano v. Massachusetts*, 577 U.S. 411, 417-18 (2016) (Alito, J., concurring) (observing "dangerous" cannot mean merely objects "designed and constructed to produce death or great bodily harm and for the purpose of bodily assault or defense," otherwise "virtually every covered arm would qualify as dangerous").

[7] *Keneally* also shares common questions of law and fact, but counsel assumes that Defendants would object to reassignment to the Western Division, where that case is pending.

11

temporary restraining orders and/or preliminary injunctions that have been or will soon be fully briefed. Detailed above, those challenges all target the same or similar semiautomatic rifle and magazine bans imposed by different jurisdictions. As litigation across the country has shown, assessing the constitutionality of those bans has turned on the same arguments by various government defendants.[8]

**2. The handling of cases by the same judge is likely to result in a substantial saving of judicial time and effort.** There is no reason for multiple judges to decide the same constitutional issue multiple times. "The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation" and "[t]hings are simplified" when related suits "are before a single judge," as enabled by Rule 40.4. *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022). As the *Bevis* and *Goldman* Defendants have already extensively explained, these actions "challenge substantially similar ordinances and concern the same key constitutional issues." Ex. F, *Bevis* 40.4 Mot. at 7; *accord* Ex. E, *Goldman* 40.4 Mot. at 4 (noting Highland Park and Cook County are "materially identical ordinances" and that cases challenging "raise the same core legal issue—whether a local ban on the possession of assault weapons are constitutional after *Bruen*" and "will also involve many overlapping issues of fact"). Separately deciding these issues would require each judge to "tread much, if not all, of the same ground." *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, 2020 WL 8367421, at *3 (N.D. Ill. Sept. 4, 2020).

With respect to the pending temporary restraining order and/or preliminary injunction motions, counsel for the *Herrera* Defendants observed during the recent status hearing that defendants' briefs opposing those motions "tend to be 50 pages" with "ten experts." ECF 40, *Herrera v. Raoul*,

---

[8] *See, e.g.*, Highland Park Opp'n to Preliminary Injunction, ECF 45, *Goldman v. Highland Park*, 1:22-cv-04774; Defs.' Opp'n to Preliminary Injunction, ECF 37, *Nat'l Ass'n for Gun Rights v. Lamont*, 3:22-cv-01118 (D. Conn. Jan. 31, 2023); Def.'s Opp'n to Preliminary Injunction, ECF 21, *Capen v. Healey*, 1:22-cv-11431 (D. Mass Jan. 31, 2023); Defs.' Supp. Br., ECF 167, *Miller v. Becerra*, 3:19-cv-01537 (S.D. Cal. Feb. 10, 2023).

1:23-cv-00532 (Transcript at 7:3-4).[9] Defendants have pressed the same arguments in those briefs and put in declarations by the same experts. Relevant here, the State Defendants have retained the same experts as those who have submitted declarations in the *Goldman* case.[10] In the *Bevis* case, the Naperville Defendants have simply reattached Highland Park's expert declarations filed in *Goldman* and in related California litigation.[11] And the Naperville Defendants have said Cook County retained some of the same experts to defend its ordinance.[12]

More broadly, the historical analysis that *Bruen* requires will be the same across all cases. *Bruen* asks whether the challenged restrictions implicate the Second Amendment and, if so, whether the government can "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-30. Applied here, the materially similar bans on the purchase and possession of semiautomatic firearms and magazines all warrant the same historical analysis, regardless of which particular jurisdiction is imposing them. That supports reassignment. *See, e.g, Stingley v. Laci Transp., Inc.*, 2020 WL 12182491 (N.D. Ill. Dec. 1, 2020) (granting reassignment where two actions share "complex and consequential issues").

The handling of these cases by a single judge will thus save substantial time and effort. That is particularly true if the cases are reassigned to be heard with the *Bevis* case, in which the Court is already deeply familiar with the *Bruen* analysis, research, and historical arguments. ECF 60 (Transcript at 4:2-5 & 11:11-14), *Bevis v. Naperville*, 1:22-cv-04775 (Jan. 27, 2023); *cf. Rsch. Automation, Inc.*, 626 F.3d at

---

[9] Plaintiff disputes the propriety or relevance of so many expert declarations, but for purposes of this motion to reassign related cases, Defendants' intention to submit them is highly relevant. *See, e.g.*, *BP Corp. N.A. Inc. v. N. Tr. Invs., N.A.*, 2009 WL 1684531, at *2–3 (N.D. Ill. June 15, 2009) (granting reassignment where two cases involve the same experts and witnesses).

[10] *Compare, e.g.*, State's Mot. for Extension of Time ¶¶6-7, ECF 18 *Harrel v. Raoul*, 3:23-cv-00141 (stating Illinois had retained Professors Robert Spitzer and Louis Klarevas), *with* Spitzer Dec. & Klarevas Dec. in support of Highland Park Opp'n to Preliminary Injunction, ECF 45-6 & 45-9, *Goldman v. Highland Park*, 1:22-cv-04774 (N.D. Ill.), *and Miller v. Bonta*, 542 F. Supp. 3d 1009, 1040-41 (S.D. Cal. 2021) (discussing Professor Klarevas testimony in similar challenge).

[11] *See* Opp'n 10-11 & n.8, *Bevis v. Naperville*, 1:22-cv-04775 (Jan. 30, 2023).

[12] *See* Ex. F, *Bevis* 40.4 Mot. at 8 ("some of the experts presented by Cook County [then in *Viramontes* before the motion to stay] and Naperville will be the same").

13

978 (assessing "each court's relative familiarity with the relevant law" in §1404 context).

3. **The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially.** Among the cases where requests for preliminary injunctions are pending, no case has progressed to the point where designating a later filed case as related would be likely to delay the proceedings. In particular, the plaintiffs in *Herrera*, *Bevis*, and *Goldman* all challenged the constitutionality of the state law within roughly one week of each other. The *Bevis* motion is briefed and oral argument has been held, but the State has not appeared and no decision has issued, *supra*. The *Herrera* motion will be fully briefed on or before March 10, *supra*. The *Goldman* motion will be fully briefed on March 13, *supra*. All three of these motions could be decided and heard together, with a great savings to judicial economy. *See, e.g., Gautreaux v. Chi. Hous. Auth.*, 2013 WL 5567771, at *4 (N.D. Ill. Oct. 9, 2013) (granting reassignment when neither case had yet addressed the primary legal issue). Alternatively, the *Bevis* motion could be decided now in such a way that could well dictate the resolution of the *Herrera* and *Goldman* motions once they are briefed shortly thereafter. *See Helferich Pat. Licensing, LLC v. New York Times, Co.*, 2012 WL 1368193, at *3 (Apr. 19, 2012) ("Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes," but only that they "will likely be amenable to *dispositive treatment* in unified proceedings." (emphasis added)).

4. **The cases are susceptible of disposition in a single proceeding.** For the foregoing reasons, *Herrera*, *Bevis*, and *Goldman* are well-poised to be decided in a single proceeding. Applying *Bruen*, the constitutionality of the challenged laws likely rises and falls together. *See Glob. Pat. Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *4 (N.D. Ill. Apr. 23, 2008) (granting reassignment where "both actions involve prima facie fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"). There is either a historical pedigree for the challenged laws, or there is not. *See Bruen*, 142 S. Ct. at 2130.

14

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the *Herrera*, *Bevis*, and *Goldman* cases are deemed related and reassigned to be heard before one Court. As for which Court, Plaintiff respectfully requests that it is whichever Court is able to resolve the pending preliminary injunction motions most expeditiously.

Dated: February 16, 2023

Gene P. Hamilton*
Reed D. Rubinstein*
Michael Ding (IL ARDC 6312671)
AMERICA FIRST LEGAL FOUNDATION
300 Independence Avenue SE
Washington, DC 20003
Tel: (202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
michael.ding@aflegal.org

* *Admitted pro hac vice*
  *in Herrera v. Raoul*, No. 1:23-cv-0532 (N.D. Ill.)

Respectfully submitted,

 */s/ Taylor A.R. Meehan*
Thomas R. McCarthy*
Jeffrey M. Harris*
Taylor A.R. Meehan (IL ARDC 6313481)
C'Zar D. Bernstein*
Matthew R. Pociask*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
jeff@consovoymccarthy.com
taylor@consovoymccarthy.com
czar@consovoymccarthy.com
matt@consovoymccarthy.com

*Counsel for Plaintiff Javier Herrera*
*in Herrera v. Raoul et al.*, No. 1:23-cv-0532

15

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to counsel of record.

Dated: February 16, 2023  /s/ *Taylor A.R. Meehan*
Taylor A.R. Meehan